PEASE COMPANY, APPELLEE, *v.* HUNTINGTON NATIONAL BANK ET AL., APPELLANTS; CITICORP PERSON-TO-PERSON ET AL., APPELLEES.

(No. 84AP-466 — Decided October 3, 1985.)

*Lucas, Prendergast, Albright, Gibson & Newman, Richard C. Brahm, John C. Lucas* and *James L. Todd,* for appellee Pease Co.

*Milton A. Puckett* and *Stephen M. Connor,* for appellants and for defendant-appellee R.K. Mathews & Associates, Inc.

*Cameron & Belskis Co., L.P.A.,* and *James W. Wheeler,* for defendant-appellee Citicorp.

*Michael Miller,* prosecuting attorney, and *Phillip M. Walther,* for defendant-appellee Dana G. Rinehart.

MOYER, J. This matter is before us on appeal by defendants-appellants, Gary W. and Bonita A. Burchfield ("the Burchfields") and the Huntington National Bank ("Huntington"), from a summary judgment by the Court of Common Pleas of Franklin County in favor of plaintiff-appellee, Pease Company ("Pease").

The judgment ordered that plaintiff's mortgage had priority over a lien of defendant Huntington; dismissed defendant Burchfields' counterclaim against plaintiff; and allowed plaintiff to foreclose on its mortgage by entering a judgment decree in foreclosure.

Plaintiff acquired its mortgage January 30, 1980 on property in Surrey Estates from R. K. Mathews & Associates, Inc. ("Mathews"). The $30,000 mortgage was given as security for an outstanding debt of $34,529.05, which was evidenced by a promissory note. The plaintiff recorded said mortgage December 9, 1980.

The Surrey Estates property was also the subject of a prior mortgage lien held by First Federal Savings & Loan of Columbus ("First Federal"). A foreclosure action was initiated unknown to plaintiff or to Mathews against the property by First Federal December 5, 1980. The first service of summons against any defendant in that action occurred December 13, 1980. Plaintiff was not served in that action.

First Federal subsequently purchased the property at sheriff's sale July 6, 1981 for the minimum two-thirds bid of $48,000, and resold the property to the Burchfields July 31, 1981. First Federal received a sheriff's deed and provided the Burchfields with a limited warranty deed.

Plaintiff first learned of the foreclosure on the property December 30, 1982, and filed suit March 22, 1983 against Mathews, joining, among others, the Burchfields and Huntington. The Burchfields asserted a counterclaim and filed a motion for summary judgment against plaintiff.

Plaintiff obtained a default judgment against Mathews for $59,144.04, the balance of the note, plus interest and costs. The summary judgment found the plaintiff's mortgage valid in the amount of $30,000, plus $21,386.35 interest and costs, and that plaintiff's mortgage was second in priority to that held by the Franklin County Treasurer for back taxes, but superior to liens held by all other defendants.

Defendants assert the following six assignments of error:

"I. It was manifestly erroneous for trial court to grant summary judgment when there were material facts in dispute and said facts were not resolved by the evidence before the court.

"II. It was manifestly erroneous for the trial court to overrule the defendant-appellant's [sic] motion to be subrogated to the rights, title and interest of the lienholder named in the prior foreclosure suit.

"III. It was reversible error for the trial court to overrule defendant-appellant's [sic] motion to limit a resale of the premises to the originally appraised value of $72,000.00.

"IV. The court erred in overruling defendants-appellants' motion for a summary judgment based upon the doctrine of lis pendens and thereby finding

that plaintiff-appellee had a valid lien on the property in question.

"V. The trial court erred when it permitted the plaintiff-appellants [sic] a rate of interest greater than that allowed by statute since no rate of interest was stated for the amount due on the mortgage upon which the foreclosure in this action was based.

"VI. The trial court erred by finding that there was consideration given for the mortgage sued upon by the plaintiff's [sic]."

We will first consider defendants' second assignment of error. Defendants argue that they should have been subrogated to the rights, title and interest of the senior lienholder in the first foreclosure suit, and that their motion to that effect should have been granted.

Plaintiff argues that the Burchfields did not pay or satisfy any prior lienholder's interest whereby subrogation rights would arise; that First Federal could not be subrogated to its own rights; and therefore the doctrine of subrogation is inapplicable.

The purchaser at a foreclosure sale, whether a stranger or the mortgagee, is subrogated to or entitled to the rights of the mortgagee up to the amount paid. *Stewart* v. *Wheeling & Lake Erie Ry. Co.* (1895), 53 Ohio St. 151, paragraph five of the syllabus.

Although, strictly speaking, application of the doctrine of subrogation requires the substitution of one person for another with respect to a claim or right (*Aetna Cas. & Sur. Co.* v. *Hensgen* [1970], 22 Ohio St. 2d 83 [51 O.O.2d 106]), its application is a matter of equity, and case law has promoted the continuity of rights in a mortgagee purchaser. R.C. 2329.37 codifies this result providing with respect to a sheriff's deed:

"* * * All the estate and interest of the person whose property the officer so professed to sell and convey * * * shall be vested in the purchaser by such sale."

R.C. 2329.46 adds:

"Upon the sale of property on execution, if the title of the purchaser is invalid by reason of a defect in the proceedings, he may be subrogated to the right of the creditor against the debtor to the extent of the money paid and applied to the debtor's benefit, and, to the same extent, may have a lien on the property sold, as against all persons, except bona fide purchasers without notice. * * *"

As a result, First Federal, as purchaser of the property, became vested with superior rights to junior mortgagees.

The second conveyance from First Federal to the Burchfields was by limited warranty deed. Under R.C. 5302.04:

"* * * [A]ll rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed * * *."

The use of limited warranty deeds and limited warranty covenants, as defined under R.C. 5302.07 and 5302.08, and the Burchfields' warranty deed do not limit the transfer of all interests held by the transferor to the transferee. The record does not show that First Federal did not transfer all of its interests to the Burchfields.

Thus, based upon both common and statutory law, we conclude that it was error for the trial court to overrule defendants' motion to be subrogated to the rights, title, and interest of the lienholder named in the prior foreclosure suit. The Burchfields, as successors in interest, are entitled to those rights to the extent the lienholder was satisfied; that is, $48,000. Accordingly, defendants' second assignment of error is sustained to the amount of $48,000.

In support of their third assignment of error, defendants claim that plaintiff will be unjustly enriched by permitting a second sale of the property, as it is more

valuable now than at the time of the first foreclosure sale, at which time it was appraised at $72,000.

Defendants' argument is not well-taken. Where a senior mortgagee forecloses his mortgage and sells the property without notice to the junior mortgagee, the purchaser acquires title subject to the rights of the junior mortgagee, which remain unaffected by the sale. *Stewart* v. *Wheeling & Lake Erie Ry. Co., supra,* paragraph three of the syllabus.

In accordance with our holding above that the Burchfields are entitled as a matter of law to be subrogated to the amount of $48,000, the defendants' concern with plaintiff's unjust enrichment by the second foreclosure sale is mitigated. Plaintiff will recover only the sale proceeds in excess of $48,000. The Burchfields' loss resulted from their own inattention. They had constructive notice of plaintiff's mortgage, and purchased the property at their own risk. Thus, plaintiff's rights as junior mortgagee will not be enhanced, extinguished, or limited, and the trial court did not commit error when it overruled defendants' motion to limit the resale value of the property.

In support of their fourth assignment of error, defendants argue that the trial court should have sustained their motion for summary judgment because, under the doctrine of *lis pendens,* when First Federal commenced its foreclosure action December 5, 1980, in accordance with Civ. R. 3(A), no further interests could attach to the property.

Ohio's *lis pendens* statute, R.C. 2703.26, clearly states:

"When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title."

The facts indicate that a defendant was first served December 13, 1980, and that plaintiff's mortgage was filed December 9, 1980. Therefore, under the statute, *lis pendens* does not apply to cut off plaintiff's interest in the real property. Defendants argue that, since Civ. R. 3(A) post-dates R.C. 2703.26, it impliedly changes the terms of the *lis pendens* statute. Civ. R. 3(A) states: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing." Defendants confuse the significance of "commencement" of an action under Civ. R. 3(A) with "pendency" of an action as defined in R.C. 2703.26. The rule determines when an action is commenced with respect to a party to the action, whereas the statute provides for notice to third persons, who are not defendants. R.C. 2703.26 and Civ. R. 3(A) are therefore not inconsistent and the statute controls in this case.

Defendants also cite Civ. R. 3(F), which deals with an action affecting title to realty commenced outside the situs county. Under Civ. R. 3(F), the mere filing of a complaint in the situs county charges third persons with notice of the pendency of the action. Civ. R. 3(F) does not apply to the facts of this case. Notice to third persons under those circumstances is not inconsistent with notice to third persons under R.C. 2703.26.

Accordingly, the trial court did not err when it overruled defendants' motion for summary judgment based on the doctrine of *lis pendens.* Plaintiff's mortgage attached as a valid lien on the property December 9, 1980, prior to service upon any defendant December 13, 1980.

Assignments of error five and six are interrelated and are considered together. Defendants argue that the trial court erred in its findings regarding the existence of consideration for the mortgage, and regarding the interest rate to be applied to the mortgage.

The court below found that reasonable minds could only conclude that the

mortgage deed sued upon was received from Mathews by plaintiff as substitute collateral securing the principal and interest due on Mathews' promissory note of January 10, 1979. A pre-existing debt can be sufficient consideration for a mortgage, and the trial court therefore did not err.

The trial court further found that the terms of the promissory note state the interest applied by the trial court. Our review of the record indicates that reasonable minds could only concur with these factual determinations. We are not persuaded by defendants' legal argument that the trial court was bound by R.C. 1343.03(A) because, as defendants' acknowledge, that statute applies only where the rate of interest is not stated in writing. Accordingly, defendants' fifth and sixth assignments of error are overruled.

In support of their first assignment of error, defendants argue that genuine issues of material fact existed and summary judgment was premature. Defendants cite as unresolved factual issues: whether plaintiff had actual notice of First Federal's foreclosure action; whether the doctrine of laches bars plaintiff's suit; and whether facts regarding various affirmative defenses, including the right to subrogation, were in fact resolved by the evidence before the court. Defendants further attack plaintiff's affidavit in support of summary judgment as improper supporting evidence, outside that contemplated in Civ. R. 56(C), and claim that unresolved factual issues were also raised by defendants' counterclaim. Plaintiff responds that uncontroverted evidence shows that plaintiff had no actual notice of First Federal's foreclosure action and that the granting of summary judgment reflects the lack of merit in defendants' assertion of notice, laches, various affirmative defenses, and their counterclaim.

Construing the evidence before the court for summary judgment in favor of defendants, reasonable minds can only conclude that plaintiff did not have actual notice of the pending lawsuit. Arguments noted in the disposition of defendants' fourth assignment of error also show that the doctrine of *lis pendens* does not apply in these circumstances to impute constructive notice to plaintiff. Thus, defendants' arguments that laches and estoppel apply to prevent plaintiff's foreclosure on the property fail for lack of notice to the plaintiff. The plaintiff did not rest on its rights, but, rather, filed suit within three months after learning of the foreclosure action and eight months after the sheriff's sale in execution of judgment against the property.

Both plaintiff and defendants filed memoranda in support of their respective motions for summary judgment. Defendants sought to have plaintiff's memorandum struck from the record by a motion to strike, pursuant to Civ. R. 12(F). The trial judge in his discretion denied this motion. A review of the evidence and memoranda before the court regarding summary judgment indicates no abuse of discretion in the trial court's denial of the motion to strike. The memorandum complained of sets forth facts present in exhibits attached thereto, which include the plaintiff's complaint.

Defendants' counterclaim for defamation of title alleged that plaintiff knowingly, willfully, and maliciously filed its complaint against them with the sole intent to injure defendants and their title to the Surrey Estates property. Defendants claimed as damages the costs of defense of title, and substantial impairment of their credit rating and general good will.

Plaintiff's summary judgment motion on the counterclaim was properly sustained by the trial court. Even assuming that damages claimed by defendants existed, plaintiff was privileged to name the Burchfields in the

action under Ohio law. "No action will lie for any defamatory statement made by a party to a court proceeding, in a pleading filed in such proceeding, where the defamatory statement is material and relevant to the issue." *Erie Cty. Farmers' Ins. Co.* v. *Crecelius* (1930), 122 Ohio St. 210, syllabus. This is so, even where the statement is untrue. *Buehrer* v. *Provident Mutual Life Ins. Co.* (1931), 123 Ohio St. 264, paragraph four of the syllabus. Further, plaintiff merely alleged that the Burchfields "* * * may claim to have some lien or interest in the premises * * *," a true statement in light of the pleadings. Truth is a complete defense to an action for libel or slander. R.C. 2739.02. Thus, summary judgment in favor of plaintiff on the counterclaim was properly granted.

Finally, among the affirmative defenses raised by defendants' answer was application of the doctrine of subrogation. While the material facts are not in dispute, the plaintiff was not entitled to summary judgment entirely in its favor as a matter of law. As we held in assignment of error number two, the granting of summary judgment was in error insofar as the court misconstrued the law by denying defendants' rights to subrogation up to $48,000. The first assignment of error is overruled.

Defendants' first, third, fourth, fifth and sixth assignments of error are all overruled. The second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, and case remanded.*

WHITESIDE and McCORMAC, JJ., concur.