OPINION
{¶ 1} Appellants Joseph and Paula Grenga, pro se, appeal the decision of the Mahoning County Court of Common Pleas granting summary judgment to Appellees, Bank One, N.A. and Ronald Moliterno, on Mr. Grenga's claims. Appellants' complaint sought to recover against Moliterno, Bank One, one of Bank One's officers, and two attorneys, Jerry Bryan and James Beck, in a dispute arising out of a real estate transaction. None of Appellants' fifteen assignments of error have merit, and we affirm the judgment of trial court.
 FACTUAL AND PROCEDURAL BACKGROUND {¶ 2} Attorney Bryan represented Bank One as it sought to foreclose on real estate owned by the Hood Electric Company. Hood Electric had not fulfilled its obligations under its mortgage with Bank One. Attorney Beck represented Hood Electric. In the course of that action, Bank One scheduled a sheriff's sale. Appellants appeared at that sale and successfully bid on the property. Bryan failed to attend the sheriff's sale. Subsequently, Bank One moved for the trial court to set aside the sheriff's sale. That motion was eventually overruled and the sheriff's sale was confirmed.
 {¶ 3} Appellants could not obtain possession of the property until the sheriff's sale was confirmed. Until that time, Bank One allegedly was caring for the property. Appellants claim to have contacted Moliterno, who promised to make sure that the property was maintained. After the sheriff's sale was confirmed, Appellants took possession of the property but were not satisfied with its condition. They then brought suit against Bank One, Moliterno, Bryan, and Beck.
 {¶ 4} During the course of the litigation, Appellants filed numerous motions, many of which were irregular or improper. Among these was a motion for default judgment against Appellees, filed after Appellees had already answered the complaint. Appellants moved for default judgment due to alleged discovery violations, even though they had not yet attempted to compel discovery. They improperly attempted to subpoena Bank One's records. They also made discovery requests well after the trial court's discovery cut-off date had elapsed.
 {¶ 5} In response to Appellants' motions, Appellees also filed a variety of motions. For instance, they moved that Mrs. Grenga be dismissed from the case primarily for the reason that Mr. Grenga was engaged in the unauthorized practice of law. They moved for a protective order from the untimely discovery requests, and they moved to quash the improper subpoena. Bank One also moved for sanctions due to the improper subpoena.
 {¶ 6} The trial court denied each of Appellants' motions and granted many of Appellees' various motions. It eventually dismissed Mrs. Grenga from the case, granted the protective order, quashed the subpoena, and imposed sanctions upon Appellants for issuing the subpoena.
 {¶ 7} During the course of the litigation, Appellees moved for summary judgment. Appellants responded, arguing that they needed more time to complete discovery in order to adequately respond to Appellees' motion. The trial court denied Appellants' motion for an extension of time and granted Appellees' motion for summary judgment. Appellants have filed a timely appeal of the order granting summary judgment to Appellees.
 FAILURE TO IDENTIFY ALL ORDERS BEING APPEALED {¶ 8} In this appeal, Appellants have raised fifteen assignments of error. Most of the assignments have nothing to do with the order granting summary judgment; the order identified in their notice of appeal. An issue has been raised regarding whether we may address the assigned errors relating to prior judgments which were not specifically listed in the notice of appeal.
 {¶ 9} In failing to specify each of the judgments they seek to appeal, Appellants have violated App.R. 3(D), which requires, among other things, that the appellant, "designate the judgment, order or part thereof appealed from." However, the Ohio Supreme Court has held that the only jurisdictional requirement for perfecting an appeal is filing a timely notice of appeal, and that, "[w]hen presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion."Transamerica Ins. Co. v. Nolan (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229, syllabus. We routinely allow parties to address errors relating to prior orders not specifically designated in the notice of appeal as long as none of those prior orders were final appealable orders, and if the remaining parties are not prejudiced by the failure to follow App.R. 3(D). We do not wish to deny Appellants the opportunity to raise their issues on purely technical grounds, and in the interest of justice, we will review those assignments of error dealing with prior orders that were not specifically listed in the notice of appeal.
 ASSIGNMENTS OF ERROR {¶ 10} Appellants' fifteen assignments of error will be rearranged and somewhat consolidated for purposes of our review.
 Default Judgment {¶ 11} In their fifth and sixth assignments of error, Appellants argue:
 {¶ 12} "The trial court erred by not granting Plaintiff's their Motion for Default Judgment against Bank One, N.A."
 {¶ 13} "The trial court erred by not granting Plaintiff's their Motion for Default Judgment against Ronald A Moliterno."
 {¶ 14} Appellants claim the trial court erred since Appellees' answers were untimely and cannot be considered, even though the answers were filed prior to the time that Appellants moved for default judgment. Their argument is meritless.
 {¶ 15} Appellees filed their answer before Appellants filed their motions for default judgment. "When a party answers out of rule but before a default is entered, if the answer is good in form and substance, a default should not be entered." Fowler v. Coleman (Dec. 28, 1999), 10th Dist. No. 99AP-319. This is because of the admonition that cases should be decided upon their merits, where possible, rather than on procedural grounds. Marion Prod. Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271, 734 N.E.2d 782.
 {¶ 16} Appellants complain that Appellees never demonstrated excusable neglect for failing to timely file their answers, but Appellants never moved that those answers be stricken from the record. Thus, the issue as to whether Appellees could be excused for filing their answers late was never raised in the trial court. It is axiomatic that issues not presented for consideration in the trial court will not be considered by this court on appeal. Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220, 574 N.E.2d 457. Appellants' arguments in their fifth and sixth assignments of error are meritless.
 Discovery Sanctions {¶ 17} In their third and fourth assignments of error, Appellants argue:
 {¶ 18} "The trial court erred by not granting Appellant's Motion for an Order of Default Against Ronald A. Moliterno."
 {¶ 19} "The trial court erred by not granting Plaintiff's Motion for an order of Default against Bank One, N.A."
 {¶ 20} Appellants claim that the trial court should have granted them default judgment as a sanction for Appellees' failure to timely respond to discovery requests. Their argument as to these issues is also without merit.
 {¶ 21} Although Civ.R. 37(B) and Ohio Supreme Court caselaw allow a trial court to grant default judgment as a sanction for failing to comply with discovery orders, it is not a favored outcome. "It is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party." Toney v. Berkemer
(1983), 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700, syllabus. In this case, Appellants did not argue in their motion for default either that Appellees were willfully hindering discovery or that they were acting in bad faith. Furthermore, the record fails to show either that Appellees willfully failed to comply with the discovery process or that they were acting in bad faith.
 {¶ 22} Appellants served their discovery requests upon Appellees in early November of 2002. Appellees filed a motion for an extension of time to respond to those requests on November 26, 2002. The trial court granted that request. On January 6, 2003, Appellees filed a second motion for an extension of time to respond to Appellants' requests. It was only after Appellees made this request that Appellants moved for default judgment due to Appellees' failure to respond to discovery. The trial court subsequently granted Appellees' request for a second extension of time on January 22, 2003. These facts do not support Appellant's contention that Appellees so abused the discovery process that a default judgment should have been rendered against them.
 {¶ 23} In addition, the sanctions provided for in Civ.R. 37(B) (including default judgment) result from a violation of a discoveryorder, not merely from a discovery request. See staff notes to Civ.R. 37(B). In this case, Appellants did not obtain a court order for those areas of discovery in which Appellees were allegedly recalcitrant. Therefore, default judgment for failure to heed Appellants' prior discovery requests would likely have been an inappropriate sanction even if the court had desired to impose such a sanction.
 {¶ 24} The record reveals no basis for granting default judgment to Appellants. Appellants' arguments to the contrary are meritless.
 Protective Order {¶ 25} In their twelfth assignment of error, Appellants argue:
 {¶ 26} "The trial court erred by granting Bank One N.A. and Ronald A. Moliterno's Motion for a Protective Order."
 {¶ 27} According to Appellants, the trial court could only grant a protective order if Appellees accompanied their motion for such an order with a statement reciting the effort made to resolve the matter. They contend that Appellees did not make the required statement. However, Appellants have waived this argument by not raising the issue before the trial court.
 {¶ 28} In order to preserve any error regarding the lack of the statement required by Civ.R. 26(C), Appellants must have raised the issue before the trial court. Tessler v. Ayer (Oct. 25, 1995), 1st Dist. Nos. C-940574, C-940632, C-940780. Appellants did not challenge the Appellees' motion at the oral hearing the trial court held on the pending motions or via a memorandum opposing the motion. Accordingly, they have waived this argument for purposes of appeal. Appellants' twelfth assignment of error is, thus, meritless.
 Dismissal of Paula Jean Grenga {¶ 29} In their ninth assignment of error, Appellants argue:
 {¶ 30} "The lower court abused their [sic] discretion by dismissing the pleadings filed by Joseph Robert Grenga on behalf of wife, Paula Jean Grenga."
 {¶ 31} The trial court dismissed certain pleadings made on behalf of Mrs. Grenga because Mr. Grenga was not an attorney and was engaged in the unauthorized practice of law when filing documents on behalf of his wife. Appellants contend this was error since Joseph never claimed to be an attorney at law. According to Appellants, since everyone involved in this case knew that he and his wife were proceeding pro se, Mr. Grenga could not have been engaged in the unauthorized practice of law. Appellants further argue that Mr. Grenga should be able to represent Mrs. Grenga since they are husband and wife. Appellants are mistaken in these beliefs.
 {¶ 32} Appellees' motion to dismiss Mrs. Grenga and her pleadings was originally brought pursuant to Civ.R. 11 and Civ.R. 12(F). The trial court stated that it was granting the motion based on Civ.R. 11, which reads as follows:
 {¶ 33} "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address, attorney registration number, telephone number, telefax number, if any, and business e-mail address, if any, shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se partyconstitutes a certificate by the attorney or party that the attorney orparty has read the document; that to the best of the attorney's or party'sknowledge, information, and belief there is good ground to support it;and that it is not interposed for delay. If a document is not signed oris signed with intent to defeat the purpose of this rule, it may bestricken as sham and false and the action may proceed as though thedocument had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted." (Emphasis added.)
 {¶ 34} A decision by a trial court to impose sanctions under Civ.R. 11 is reviewed for abuse of discretion. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. Abuse of discretion signifies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 35} If a party or an attorney files documents with the court in order to subvert the purposes of Civ.R. 11, the trial court has a basis for imposing some type of sanction. Civ.R. 11 does not specifically mention that a sanction is warranted for the unauthorized practice of law. Obviously, though, if a party fails to sign and review court filings himself or herself, and likewise fails to rely on a licensed attorney in good standing to prepare, review and sign such documents, then that party cannot be complying with Civ.R. 11.
 {¶ 36} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio[.]" Gov.Bar R. VII(2)(A). A person engages in the unauthorized practice of law when, among other things, that person is not a properly licensed attorney and prepares legal documents on another's behalf. DisciplinaryCounsel v. Doan (1997), 77 Ohio St.3d 236, 237, 673 N.E.2d 1272. This may even be true when the person is preparing legal documents on behalf of his or her spouse. See Palmer v. Bates (July 15, 1994), 6th Dist. No. L 94-138; City of North Royalton v. Wielicki (Dec. 14, 1989), 8th Dist. No. 55701; cf. Lindner v. Ohio Liquor Control Comm., (May 31, 2001), 10th Dist. No. 00AP-1430.
 {¶ 37} In this case, both Mr. and Mrs. Grenga signed the second amended complaint. But Mr. Grenga was the only one who signed any legal documents filed on the couple's behalf after the second amended complaint was filed until Appellees moved to dismiss Mrs. Grenga from the case. All of the documents signed solely by Mr. Grenga purported to be motions filed on behalf of both he and Mrs. Grenga. Thus, between July 31, 2003, which was when the second amended complaint was filed, and March 29, 2004, Mr. Grenga filed at least twenty-five separate documents on the couple's behalf without Mrs. Grenga's signature.
 {¶ 38} It also appears likely that Mr. Grenga actually signed Mrs. Grenga's name on some other documents, given that Mrs. Grenga's signature appears quite distinct on a number of notarized documents, but is nearly identical to Mr. Grenga's on many of the documents that are not notarized.
 {¶ 39} In addition, only Mr. Grenga appeared at the March 24, 2004, motion hearing on the couple's behalf. Indeed, only Mr. Grenga chose to argue at oral argument before this Court. Clearly, Mr. Grenga was attempting to represent his wife throughout all the proceedings in this case. If Mrs. Grenga had any interest in this case that was separate and distinct from Mr. Grenga's interest, then Mr. Grenga was engaging in the unauthorized practice of law by attempting to act as Mrs. Grenga's attorney.
 {¶ 40} Appellants may be attempting to argue that Mrs. Grenga never had any separate interest in this case, and therefore, Mr. Grenga was only representing his own interest in this case, with or without Mrs. Grenga's signature. Even if this were true, though, this very argument would provide an alternative basis to affirm the trial court's decision. We may affirm a lower court judgment that is correct for reasons other than those stated by the trial court. State ex rel. Carter v. Schotten
(1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306. This rule applies when we are reviewing a trial court's decision to dismiss some or all aspects of a complaint, even if the trial court's stated reason for the dismissal is incorrect. Levinsky v. Boardman Twp. Civ. Serv. Comm., 7th Dist. No. 04 MA 36, 2004-Ohio-5931.
 {¶ 41} In Mr. Grenga's Motion in Opposition to Summary Judgment, filed on April 20, 2004, he attached an affidavit of Mrs. Grenga in which she stated that, "I have the same concerned interest in this matter as my husband, Joseph Robert Grenga in the outcome of the instant case." The timing of this admission by Mrs. Grenga is notable. She had already been dismissed from the case on April 2, 2004. Yet, as if in confirmation of the trial court's prior decision, she acknowledged that she had no separate interest in the case. One would expect that if Mrs. Grenga considered her dismissal from the case to amount to error, or if she believed she were somehow harmed by the dismissal, she would not sign an affidavit acknowledging that she has no separate interest in this matter.
 {¶ 42} As noted earlier, Appellees' motion to dismiss Mrs. Grenga from the pleadings was not only based on Civ.R. 11, but also cited Civ.R. 12(F), which states:
 {¶ 43} "(F) Motion to strike. Upon motion made by a party before responding to a pleading, or if no responsive pleading is permitted by these rules, upon motion made by a party within twenty-eight days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." (Emphasis added.)
 {¶ 44} A trial court's decision to strike materials from the pleadings is reviewed for abuse of discretion. Pease Co. v. Huntington Nat. Bank
(1985), 24 Ohio App.3d 227, 231, 495 N.E.2d 45.
 {¶ 45} As can be seen in Civ.R. 12(F), material may be stricken from the pleadings if it is redundant or immaterial. Although Mrs. Grenga's claims in the Second Amended Complaint may not have appeared as redundant or irrelevant at the time the complaint was filed, this certainly became clearer over the next months. It has already been pointed out that Mrs. Grenga failed to sign any filing after the Second Amended Complaint. She failed to appear at a March 24, 2004, hearing. The complaint itself does not clarify any specific separate interest Mrs. Grenga might have had in the litigation. There is also Mrs. Grenga's admission in her April 14, 2004, affidavit that her interest was identical to her husband's interest. These facts all support the trial court's decision to strike Mrs. Grenga from the complaint because her presence in this case was redundant.
 {¶ 46} Based on these reasons, Appellants' ninth assignment of error is without merit.
 Vacating Prior Judgment {¶ 47} In their tenth assignment of error, Appellants argue:
 {¶ 48} "The lower court abused their discretion when it refused to withdraw and/or void their August 28, 2003 judgment entry."
 {¶ 49} The record does not contain a judgment entry dated August 28, 2003. However, in the body of their argument, Appellants refer to an October 28, 2003 judgment entry. This clearly is the entry to which this assignment of error should refer. Appellants claim this judgment was erroneous because it contradicts a prior judgment granting Appellants leave to file their second amended complaint.
 {¶ 50} On March 5, 2003, the trial court granted Appellants leave to file their second amended complaint. Subsequently, the trial court dismissed all of Appellants' claims against Bryan pursuant to Civ.R. 12(B)(6). Appellants then filed their second amended complaint, reasserting all of their claims against Bryan. Bryan moved for summary judgment on the basis that these claims had already been resolved in his favor, and the trial court granted that motion. Appellants asked the trial court to reconsider its decision. In response, the trial court filed the following entry on October 28, 2003:
 {¶ 51} "Plaintiffs have once again filed a Motion for Reconsideration, this time to reconsider the decision filed October 1, 2003. On May 22, 2003, this Court rendered final judgment for Defendant Jerry Bryan. Plaintiffs asked the Court to reconsider that judgment which the Court did and overruled. Plaintiffs then, without leave of Court,filed a second Amended Complaint on July 31, 2003 against AttorneyBryan. Said Second Amended Complaint within this cause is not properlyfiled nor is it of any force and effect since the claims therein werepreviously adjudicated by this Court. Plaintiffs have no standing to request findings of fact and conclusions of law, nor can they file Amended Complaints in this cause once judgment has been rendered. Finally, Plaintiffs filed a Notice of Appeal on October 14, 2003, thereby precluding this Court's further jurisdiction. All Plaintiffs' motions are overruled as improvidently filed." (Emphasis added)
 {¶ 52} Appellants claim this entry should be vacated since it directly contradicts the trial court's March 5th entry granting them leave to file their second amended complaint. They are incorrect in this assertion.
 {¶ 53} The October 28th entry states that Appellants did not have leave to file a second amended complaint against Bryan after their claims against him had been dismissed. It does not state that they were prohibited from filing a second amended complaint against the remaining defendants, who were still parties to the lawsuit. It is clear from the record that the trial court never gave Appellants permission to refile claims against a defendant who had already been dismissed from the case. The October 28th entry does not contradict the March 5th entry. Appellants' tenth assignment of error is meritless.
 Motion to Continue {¶ 54} In their seventh assignment of error, Appellants argue:
 {¶ 55} "The trial court erred by not granting Grenga's oral motion for a continuance to properly prepare for the unannounced hearing on all motions before the trial court."
 {¶ 56} At a March 24, 2004, hearing, the trial court stated that it was going to hear arguments on all pending motions. Mr. Grenga objected, claiming that he was not notified that the hearing would address all pending motions. He indicated that he understood that he should only be prepared to address some of those motions. The trial court denied the motion to continue and Appellants now claim that this was error.
 {¶ 57} The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. State v. Sanders (2001), 92 Ohio St.3d 245,276, 750 N.E.2d 90. As stated above, an abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore at 219.
 {¶ 58} In this case, Mr. Grenga orally moved for a continuance. He then repeatedly told the trial court that he was prepared to stand upon the written motions and memoranda he had filed opposing Appellees' motions. He also indicated that he had "no problem" addressing some of the motions he earlier claimed he had not prepared to address. Given Mr. Grenga's answers, the trial court did not abuse its discretion when it denied the motion to continue the hearing. Mr. Grenga indicated he was ready to proceed, so there was no apparent need for a continuance. Appellants' seventh assignment of error is meritless.
 Statement at Hearing {¶ 59} In their fourteenth assignment of error, Appellants argue:
 {¶ 60} "The trial court erred by taking under advisement Mr. Stephens [sic] self serving statement during the hearing in the trial court."
 {¶ 61} At the March 24th hearing, Appellees' attorney was asked what type of efforts the parties had made to settle the discovery issues before asking the court for a protective order. Counsel responded that, given the history of this case, he felt that any such action would be taken in vain. He then made the following comment:
 {¶ 62} "And in addition, Mr. Grenga put a sticker in one of the pleadings recently that says, `Be Saved' and had a smiley face, and without the history of this case, it might have appeared funny, but I thought it appeared threatening." (3/24/04 Tr., p. 41.)
 {¶ 63} The trial court then concluded the hearing and said it would take these matters under advisement.
 {¶ 64} Appellants claim the trial court erred when it took counsel's statement about the sticker under advisement because no such sticker was ever placed on anything in the record.
 {¶ 65} Of course, since Appellees' counsel said the sticker was on the copy of the pleading he received, it would not be found in the trial court's record. Thus, the lack of a sticker in the record does not disprove counsel's statements. But the issue is irrelevant. There is no indication the trial court placed any weight on counsel's statement. Rather, his statement at the hearing that he would take the matters under advisement indicates the obvious, that he was not ruling on the motions at that time, was taking those matters under advisement, and that he would rule on the pending motions at a later date. Appellants' claim that there is some error on the trial court's part in this regard is meritless.
 Additional Time to Respond to Motion for Summary Judgment {¶ 66} In their eighth assignment of error, Appellants argue:
 {¶ 67} "The trial court erred by not granting Grenga's additional time in order to justify Plaintiff's opposition to Appellee's [sic] motion for summary judgment."
 {¶ 68} Appellants claim the trial court erred in failing to grant their request for additional time to respond to Appellees' motion for summary judgment pursuant to Civ.R. 56(F) since Appellees demonstrated a complete disregard of the rules of discovery. They claim that, without that additional time, they could not have been expected to respond to the motion for summary judgment in a meaningful way.
 {¶ 69} Civ.R. 56(F) provides as follows:
 {¶ 70} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 71} A trial court's decision granting a continuance under Civ.R. 56(F) cannot be reversed on appeal absent an abuse of discretion. Beeglev. Amin, 156 Ohio App.3d 533, 2004-Ohio-1579, 806 N.E.2d 1045, ¶ 7. And, once again, an abuse of discretion connotes more than an error of law or judgment; it implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore at 219.
 {¶ 72} In this case the trial court did not abuse its discretion when it denied Appellants' motion. The trial court's discovery cut-off date, January 7, 2004, had passed more than a month before Appellants moved for the continuance. Appellants based their motion on an allegation that Appellees' motion for summary judgment included many claims outside the pleadings and that Appellees had resisted discovery. But Appellants did not request that the discovery cut-off date be changed. The magistrate had overruled Appellant's motion to compel the requested discovery. The trial court found that Appellants' objections to that decision did not comply with Civ.R. 53, and that Appellees' motion for summary judgment did not address or raise any new claims. Given these facts, the trial court did not abuse its discretion when it denied Appellants' Civ.R. 56(F) motion for a continuance. Appellants' eighth assignment of error is meritless.
 Summary Judgment {¶ 73} In their first two assignments of error, Appellants argue:
 {¶ 74} "The lower court erred when it granted Appellees summary judgment when unresolved material issues of fact existed."
 {¶ 75} "The trial court erred when it granted Appellees summary judgment when material issues of fact existed concerning Ronald A. Moliterno's promise to protect the Grenga's property during the pendency of the confirmation of the sheriff sale."
 {¶ 76} In these assignments of error, Appellants claim the trial court improperly granted summary judgment to Bank One and Moliterno on each of Mr. Grenga's claims against these defendants. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated and that the moving party is entitled to judgment as a matter of law. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 77} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in his or her favor. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378,386, 701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion,and identifying those portions of the record which demonstrate theabsence of a genuine issue of fact on a material element of the nonmovingparty's claim." (Emphasis in original.) Dresher v. Burt (1996),75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 78} In their second amended complaint, Appellants asserted five separate claims against Bank One and Moliterno: 1) a civil rights violation; 2) abuse of process; 3) tortious business interference; 4) a statute of frauds violation; and, 5) a general claim of tortious conduct. Since the trial court granted summary judgment on all claims, and because Appellants make a general challenge to the trial court's judgment, we will address the propriety of the trial court's judgment regarding each of these claims.
 Civil Rights Violation {¶ 79} In their first cause of action, Appellants claim that Bank One and Moliterno, "deprived [Appellants] of their property without due process of law, guaranteed, them, directly and, under the fifth [sic] Amendment, derivatively under the Fourteenth Amendment to the United States Constitution." (7/31/03, Second Amended Complaint, p. 7.)
 {¶ 80} Appellees presented no evidence on this issue and their motion in regard to this claim is more like a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) than a motion for summary judgment under Civ.R. 56. In Callahan v. Warren City School Dist. Bd. of Educ.
(Dec. 2, 1988), 11th Dist. No. 4027, the Eleventh District held that a trial court cannot treat a motion for summary judgment as a motion to dismiss. We disagree and have done so in the past. See Salata v. Vallas,
7th Dist. No. 03 MA 157, 2004-Ohio-6037. The Ohio Supreme Court itself has treated a motion for summary judgment as a motion to dismiss. Stateex rel. Finfrock v. Foley (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027. As we noted in Salata, a party may raise the defense of failure to state a claim at any time, even during a trial on the merits. Id. at ¶ 11-12; Civ.R. 12(H)(2). Furthermore, a trial court may sua sponte dismiss a cause of action for failure to state a claim. Id. at ¶ 13-14, citingState ex rel. Kreps v. Christiansen (2000), 88 Ohio St.3d 313,725 N.E.2d 663. Accordingly, it is not impossible for a trial court to treat a motion for summary judgment as if it were a Civ.R. 12(B)(6) motion to dismiss in appropriate situations.
 {¶ 81} In order to dismiss a cause of action for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. When making this decision, a court must presume that all of the complaint's factual allegations are true and make all reasonable inferences in favor of the nonmoving party. Id. Whether a trial court should grant a motion to dismiss for failure to state a claim is a question of law which this Court reviews de novo. Cleveland Elec. Illum.Co. v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523, 668 N.E.2d 889.
 {¶ 82} Both Bank One and Moliterno are private parties, not state actors. "Most of the protections for individual rights and liberties contained in the United States and Ohio Constitutions apply only to actions of governmental entities[.]" Adityanjee v. Case W. Res. Univ.,156 Ohio App.3d 432, 2004-Ohio-1109, ¶ 51. Thus, it is difficult to prove a violation of the Fifth or Fourteenth Amendments where the defendant is a private citizen since those Amendments, "erec[t] no shield against merely private conduct, however discriminatory or wrongful."Adickes v. S.H. Kress Co. (1970), 398 U.S. 144, 169, 90 S.Ct. 1598,26 L.Ed.2d 142; Peoples Rights Org., Inc. v. Montgomery (2001),142 Ohio App.3d 443, 508, 756 N.E.2d 127. A private defendant cannot be liable for a constitutional deprivation unless that person can be described as a state actor. Adityanjee at ¶ 51.
 {¶ 83} "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Blum v. Yaretsky (1982),457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534. {¶ 84} "In resolving the issue, the following three principles must be considered: `the extent to which the actor relies on governmental assistance and benefits, * * * whether the actor is performing a traditional governmental function, * * * and whether the injury caused is aggravated in a unique way by the incidents of governmental authority.'" Adityanjee at ¶ 51, quotingEdmonson v. Leesville Concrete Co. (1991), 500 U.S. 614, 621-622,111 S.Ct. 2077, 114 L.Ed.2d 660.
 {¶ 85} Appellants' complaint does not give any basis for describing these private parties as state actors. Instead, it claims that they abused the process the state offered. Thus, Appellants are basically alleging that anyone who takes advantage of legal process is a state actor. This is clearly not the law.
 {¶ 86} The trial court properly dismissed Appellants' first cause of action for failure to state a claim since Appellants did not allege any basis for describing these defendants as state actors. Appellants' arguments to the contrary are meritless.
 Abuse of Process {¶ 87} In their second cause of action, Appellants claim that Bank One and Moliterno committed the tort of abuse of process. Ohio recognizes the tort of abuse of process. See Yaklevich v. Kemp, Schaeffer Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, 294, 626 N.E.2d 115. This tort, "has developed for `cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed.'" Id. at 297, quoting Prosser Keeton, The Law of Torts (5 Ed. 1984) 897, Section 121. In order to prevail on an abuse of process claim, a plaintiff must prove three elements: 1) that a legal proceeding has been set in motion in proper form and with probable cause; 2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and 3) that direct damage has resulted from the wrongful use of process. Id. at 298.
 {¶ 88} In this case, Appellees argued there is no genuine issue of material fact regarding whether they perverted or abused a legal proceeding to accomplish an ulterior motive. In support of this argument, Appellees produced Byran's affidavit. In that affidavit, Bryan averred that he advised Bank One of his belief that the property would have sold for a higher price if the sale had been rescheduled. Accordingly, he stated that he believed Bank One would be successful if it moved to set aside the sheriff's sale prior to confirmation. According to Bryan, he gave Bank One this advice to, "ensure that Bank One received payment for the unpaid debt," and disavowed any, "ulterior motive or purpose." (1/30/04, M.S.J., Bryan Affidavit, p. 2.)
 {¶ 89} Appellants responded with their own affidavits. They do not contain any evidence demonstrating that either Bank One or Moliterno attempted to pervert the procedure for setting aside a sheriff's sale to achieve an ulterior motive. Instead, those affidavits state that Bryan's reasons for setting aside the sheriff''s sale were, "not previously divulged in the record," and claim that he was making these statements, "out of fear of personal repercussions against him for his neglect of an entrusted legal matter." (4/20/04, Plaintiffs' Motion in Opposition to S.J., Mr. Grenga Affidavit, p. 2.)
 {¶ 90} A trial court may set aside a sheriff's sale for failure to comply with the proper procedures if confirmation of that sale would result in hardship and sacrifice, or if the selling price is far below the true value of the property. Conseco Finance Servicing Corp. v.Taylor, 5th Dist. No. 01 COA 1442, 2002-Ohio-2504, ¶ 17. Appellees asserted that the selling price of the property was too low, and that this was why they attempted to set aside the sheriff's sale. Thus, Appellees have given probable cause for filing the motion to set aside the sheriff's sale. Furthermore, they have presented a proper motive for doing so. Bank One was the creditor who originally sought the foreclosure. It's representative was unable to attend the sheriff's sale due to a scheduling mishap. It has an interest in protecting itself by making sure the property sold in an amount sufficient to cover the debt.
 {¶ 91} Appellants' allegations that Bryan's statements cannot be trusted do not satisfy the requirements of Civ.R. 56. Any issue surrounding the credibility of Bryan's excuse for not attending the sheriff's sale has nothing to do with Appellees' motivation for seeking to set aside the sheriff's sale. To put the issue at its simplest, Appellees established a proper motive to overturn the sheriff's sale, and Appellants have not presented any evidence demonstrating an improper motive that would pervert the procedure for setting aside the sheriff's sale. Accordingly, the trial court properly granted summary judgment to Appellees on these claims.
 Tortious Business Interference {¶ 92} The third cause of action Appellants specifically allege in their complaint is one for tortious interference with a business relationship. The elements of this tort are: 1) a business relationship; 2) the wrongdoer's knowledge thereof; 3) an intentional interference causing a breach or termination of the relationship; and, 4) damages resulting therefrom. Chandler Assoc., Inc. v. America's HealthcareAlliance, Inc. (1997), 125 Ohio App.3d 572, 583, 709 N.E.2d 190.
 {¶ 93} It is unclear from either Appellants' complaint or any of the subsequent proceedings that Appellees had a business relationship with anyone with which Appellees could have interfered. Appellants claim that Appellees' actions prevented them from receiving the profits they would have enjoyed from using the property for parking rentals. This claim does not establish an existing business relationship. In response to Appellees' motion for summary judgment, Appellants failed to show that they had a business relationship with anyone when Appellees moved to set aside the sheriff's sale. Fundamentally, all Appellants have alleged in this tort against these defendants are various forms of damages. This is insufficient to demonstrate a tortuous interference with a business relationship. Appellants arguments to the contrary are meritless.
 Statute of Frauds Violation {¶ 94} In the fourth claim in their complaint Appellants state that Appellees violated the Statute of Frauds because Appellants were not told that one of the conditions of buying the property at a sheriff's sale was that the trial court must confirm that sale. Ohio's Statute of Frauds is found in R.C. § 1335.05 and requires certain promises or transactions to be recorded in writing. Appellant's Statute of Frauds claim fails for two reasons.
 {¶ 95} First, as Appellees point out, the Statute of Frauds is an affirmative defense to a breach of contract claim. Rogers v. TargotTelemarketing Services (1990), 70 Ohio App.3d 689, 694,591 N.E.2d 1332. As such, a violation of the Statute of Frauds does not create an independent cause of action. Thus, Appellants have failed to state a claim and this portion of their complaint was rightfully dismissed.
 {¶ 96} Second, Appellants have no reason to hold Appellees responsible for the fact that the trial court would have to confirm a sheriff's sale. The Ohio Revised Code clearly requires that a sheriff's sale must be confirmed by a court before a deed can be prepared. See R.C. § 2329.31. Ohio's legislature created this requirement, not Appellees. The Statute of Frauds places no burden on any party to give notice to others concerning the statutory requirements involved in a sheriff's sale.
 {¶ 97} For these reasons, the trial court's decision granting judgment to Appellees on this claim was proper. Appellants' arguments to the contrary are meritless.
 Tortious Conduct {¶ 98} Appellants title their final claim "tortious conduct." In this claim, they do not allege any new facts. Rather, they repeat their allegation that Beck and Bryan breached their legal duties by failing to appear at the sheriff's sale and that Appellees erroneously moved to set aside the sheriff's sale. Appellants did assert one argument in the section of their brief titled "abuse of process" which would be better addressed under this section. In particular, Appellants claim that Moliterno promised them that Bank One would secure the premises from the effects of the elements and vandalism and that he did not perform his promise.
 {¶ 99} Appellants' fundamental problem with this claim is that they presented no evidence that Moliterno ever made this promise. Instead, the only evidence in the record is Moliterno's response to a discovery request where he stated that he did not remember making that promise. Thus, this claim also fails for the purposes of summary judgment. A party opposing a motion for summary judgment may not rest upon the allegation or denials set forth in his pleadings, but must set forth specific facts in his response, by affidavit or otherwise, demonstrating the existence of a genuine issue of material fact in order to prevent the decision to grant a motion for summary judgment. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798; Civ.R. 56(E). Because Appellants have not provided any specific facts supporting their claim, the trial court properly granted summary judgment on this issue as well. Their arguments to the contrary are meritless.
 Findings of Fact and Conclusions of Law {¶ 100} In their thirteenth assignment of error, Appellants argue:
 {¶ 101} "The trial court erred as a matter of law in failing to issue findings of Fact and Conclusions of Law upon timely Request by Plaintiffs."
 {¶ 102} On October 9, 2003, Appellants requested that the trial court provide findings of fact and conclusions of law to support the judgment the trial court rendered on October 1, 2003. In that October 1st judgment, the trial court granted Bryan's motion for summary judgment, denied Appellants' motion for a Civ.R. 56(F) continuance and sustained Bryan's motion to strike Appellants' motion for entry of default.
 {¶ 103} The trial court did not err when it failed to give findings of fact and conclusions of law relating to its October 1st judgment. Civ.R. 52 provides that, "[f]indings of fact and conclusions of law * * * are unnecessary upon * * * motions * * * pursuant to * * * Rule 56." As this Court has previously noted, this means that the trial court did not err by failing to respond to the request for findings of fact and conclusions of law. See Mosley v. Gen. Motors Corp., 7th Dist. No. 01-CA-85, 2002-Ohio-6000, ¶ 43-47.
 {¶ 104} Appellants also requested findings of fact and conclusions of law after the magistrate denied their motion to compel discovery. The trial court then directed the magistrate to provide findings of fact and conclusions of law if additional findings and conclusions were necessary. The magistrate responded by reiterating the findings and conclusions contained in his original decision.
 {¶ 105} "The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error." Abney v. Western Res. Mut. Cas. Co.
(1991), 76 Ohio App.3d 424, 431, 602 N.E.2d 348. When a party argues that the trial court's findings are insufficient, a reviewing court must then determine whether the trial court substantially complied with the procedural rule requiring the court to make separate findings of fact and conclusions of law. Brandon/Wiant Co. v. Teamor (1999),135 Ohio App.3d 417, 423, 734 N.E.2d 425. "The test for determining whether a trial court's opinion satisfies the requirements of Civ.R. 52 is whether the contents of the opinion, when considered together with other parts of the record, form an adequate basis upon which to decide the narrow legal issues presented." Id., citing Werden v. Crawford
(1982), 70 Ohio St.2d 122, 124, 24 O.O.3d 196, 435 N.E.2d 424.
 {¶ 106} In this case, the magistrate's findings and conclusions formed an adequate basis upon which to review the narrow legal issue being presented. The magistrate described in detail exactly what happened at the two hearings. Therefore, Appellants' argument is unpersuasive.
 Bryan's Motion for Sanctions {¶ 107} In their eleventh assignment of error, Appellants argue:
 {¶ 108} "The trial court erred by not granting Grenga's Motion to Overrule Jerry M. Bryan's Motion for Sanctions."
 {¶ 109} Appellants claim that the trial court could not have granted Bryan's motion for sanctions since he did not file his motion in a timely manner. Relying on R.C. § 2323.51(B)(1), Appellants contend that Bryan should have filed this motion within twenty-one days of May 22, 2003. He did not file that motion until October 6, 2003.
 {¶ 110} Appellants have failed to take into account all the relevant procedural events that affect their argument. The trial court granted Bryan's motion to dismiss Appellants' claims against him on May 22nd, but Appellants then refiled those same claims against him in their second amended complaint. After Appellants filed this complaint, Bryan moved for summary judgment based on the principle of res judicata. The trial court granted that motion on October 1, 2003. Bryan then filed his motion for sanctions on October 6, 2003.
 {¶ 111} R.C. § 2323.51(B)(1) provides that a party must file a motion for sanctions under that section within twenty-one days after the trial court enters judgment in a civil action. Bryan filed his motion for sanctions five days after the trial court granted summary judgment to him. The trial court awarded sanctions for Appellants' actions against Bryan after it dismissed their claims against him on May 22nd. Therefore, Appellants' claim that Bryan's motion was not timely filed is meritless.
 Attorney Fees {¶ 112} In their fifteenth and final assignment of error, Appellants argue:
 {¶ 113} "The trial court erred by awarding Appellees attorney fees for there exists no legal basis for such award."
 {¶ 114} After filing their second amended complaint, Appellants issued a subpoena to Bank One. The subpoena ordered Bank One to, "appear before JOSEPH ROBERT GRENGA OR PROVIDE INSPECTION AND COPYING." (Emphasis in original.) Bank One then moved for sanctions and to quash the subpoena.
 {¶ 115} Civ.R. 45(A)(1)(c) provides as follows:
 {¶ 116} "A subpoena may not be used to obtain the attendance of a party or the production of documents by a party in discovery. Rather, a party's attendance at a deposition may be obtained only by notice under Civ. R. 30, and documents may be obtained from a party in discovery only pursuant to Civ. R. 34."
 {¶ 117} The subpoena issued to Bank One clearly violates this Rule and Mr. Grenga admitted as much at the hearing before the trial court.
 {¶ 118} The trial court could impose sanctions for this violation under R.C. § 2323.51. R.C. § 2323.51(B)(1) allows a trial court to award attorney fees to any party adversely affected by frivolous conduct. That conduct is frivolous if, "[i]t is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. § 2323.51(A)(2)(a)(ii).
 {¶ 119} Appellants' actions when issuing the subpoena to Bank One were not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. Instead, Appellants clearly violated Civ.R. 45(A)(1) because they were frustrated by the course of their litigation and their perceived inability to obtain the discovery they sought. The trial court did not err when it ordered that Appellants pay Bank One's attorney fees and costs for preparing, filing, and prosecuting their motion to quash the subpoena. The Grengas' argument to the contrary is meritless.
 CONCLUSION {¶ 120} None of Appellants' fifteen assignments of error have been found to be meritorious. Therefore, the judgment of the trial court is affirmed in full.
Vukovich, J., concurs.
DeGenaro, J., dissents in part; see dissenting in part opinion.