{¶ 26} The central question in this matter is whether the doctrine of lis pendens was applicable to protect Edna Jarman's interest in the unimproved lots from Beneficial's mortgage interest.
 {¶ 27} The following elements are required to invoke the doctrine of lis pendens:
 {¶ 28} "`(1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and theres; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.'"[1] *Page 9 
 {¶ 29} In addition, Ohio's lis pendens statute provides:
 {¶ 30} "When summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiffs title."[2]
 {¶ 31} The problem with the language of this statute is that it is ambiguous. Specifically, "summons" is referred to in the singular. Apparently, the drafters of the statute did not anticipate a situation such as this, where there are multiple defendants and, thus, multiple summons.
 {¶ 32} Further, the statute does not specify which defendant needs to be served in order for the action to be "pending." If the statute is construed to mean any defendant, as appellants and the majority assert, then the doctrine of lis pendens would protect Edna Jarman's interest in the unimproved lots. This is because service of the summons on Bank One occurred prior to the filing of the mortgage document signed by Dale Ellis in favor of Beneficial.
 {¶ 33} However, if the statute is interpreted to require service upon the defendant, in this case Dale Ellis, from whom the property interest is acquired, which the trial court found and Beneficial argues, then the doctrine of lis pendens would not preclude Beneficial's interest in the unimproved lots. This is because the mortgage interest was given to Beneficial prior to Dale Ellis being served with a summons.
 {¶ 34} In determining that lis pendens did not apply to this matter, the trial court relied on the case of Cook v. Mozer, wherein the Supreme Court of Ohio held: *Page 10 
 {¶ 35} "The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to theproceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset.'"[3]
 {¶ 36} Since the third party must acquire the interest from a "party to the proceeding," a summons must have been served upon that individual. This is because a summons is the way a defendant becomes aware of an action against him.[4] Dale Ellis did not become a "party to the proceeding" until one day after Beneficial acquired its mortgage interest.
 {¶ 37} I agree with the trial court's conclusion that the date of service of the summons refers to the date the defendant who conveyed the property interest to the third party was served. This conclusion is supported by the Eighth Appellate District's decision in First BankNatl. Assn. v. 10546 Euclid Ave., Inc., where the court held: "Cleveland, a lienholder named as a defendant, was also served butlis pendens requires service on the party from whom plaintiff acquired its title.[5][6]
 {¶ 38} In support of their argument that lis pendens applies upon service of a summons to any defendant in an action, appellants citePease Co. v. Huntington Natl. Bank, wherein the Tenth Appellate District held that lis pendens did not apply to defeat a security interest in a property when the interest was secured four days before service *Page 11 
of the summons.[7] The court noted that the mortgage attached "prior to service upon any defendant[.]"[8] However, the court did not specifically address whether service upon any defendant would have invoked lis pendens. The court merely noted that none of the defendants in that matter were served at the time the interest in the property was secured.
 {¶ 39} I recognize that the ultimate purpose of lis pendens does not concern notice, but rather public policy:
 {¶ 40} "`While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of lis pendens is not founded upon notice but upon reasons of public policy founded upon necessity.'"[9]
 {¶ 41} However, while notice may not be the ultimate purpose of lis pendens, it remains a critical element of the doctrine, as the statute itself speaks of notice to third parties.[10] Perhaps the language in R.C. 2703.26 is outdated. With computer technology, it is possible to determine almost instantaneously whether a complaint has been filed against an individual. However, as currently written, the date the complaint is filed is not the predicate act for lis pendens to operate.[11] In Pease Co. v. Huntington Natl. Bank, the Tenth Appellate District noted that an action is "commenced" when a complaint is filed, but it is not "pending," as required by R.C. 2703.26, until a summons has been served.[12] As I interpret that statute, an action cannot be "pending" against an individual until he or she has been served with a summons. If the statute needs to be *Page 12 
rewritten to align it with our electronic era, then such is the responsibility of the Ohio General Assembly.
 {¶ 42} Therefore, as applied to this matter, the initial lawsuit was not "pending" against Dale Ellis until his receipt of a summons on July 26, 2001. Since Beneficial's mortgage was filed on July 25, 2001, prior to the case being pending against Dale Ellis, the doctrine of lis pendens does not apply to this matter.
 {¶ 43} This position is consistent with the Third Appellate District's analysis of a lis pendens issue. In RMW Ventures, L.L.C. v. StoverFamily Invest., L.L.C., the plaintiff filed petitions for appropriation against four defendants.[13] One of the defendants transferred its property to the city after the action was commenced, but prior to that defendant being properly served with a summons.[14] The Third District's analysis only concerned the date of service of summons to the defendant who transferred the property.[15] It did not address when service was perfected on the other defendants.[16] The court held that since the summons was not served on the defendant who transferred the property to the city prior to the date of service, the doctrine of lis pendens did not apply.[17]
 {¶ 44} The judgment of the trial court should be affirmed.
[1] Third Fed. S. L. Assn. of Cleveland v. Hayward (Aug. 19, 1998), 9th Dist. No. 18561, 1998 Ohio App. LEXIS 3765, at *13, quoting Cook v.Mozer (1923), 108 Ohio St. 30, 37.
[2] R.C. 2703.26.
[3] (Citation omitted and emphasis added.) Cook v. Mozer,108 Ohio St. at 36.
[4] Civ.R. 4(A).
[5] Cook v. Mozer, supra.
[6] First Bank Natl. Assn. v. 10546 Euclid Ave., Inc. (June 29, 1989), 8th Dist. Nos. 55426, 55427, 55428, 55429, 55430, 1989 Ohio App. LEXIS 2674, at *6, fn. 6.
[7] Pease Co. v. Huntington Natl. Bank. (1985), 24 Ohio App.3d 227,230.
[8] Id.
[9] (Citation omitted.) Cook v. Mozer, 108 Ohio St. at 37.
[10] R.C. 2703.26.
[11] See Pease Co. v. Huntington Natl. Bank.,24 Ohio App.3d at 230.
[12] Id.
[13] RMW Ventures, L.L.C. v. Stover Family Invest, L.L.C,161 Ohio App.3d 819, 2005-Ohio-3226.
[14] Id at ¶ 10.
[15] Id. at 9-11 .
[16] Id.
[17] Id. at ¶ 11. *Page 1