**THEISLER, Appellant,**

v.

**DiDOMENICO et al., Appellees.**

[Cite as *Theisler v. DiDomenico* (2000), 140 Ohio App.3d 379.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 99–C.A.–200.

Decided Nov. 21, 2000.

Charles W. Theisler, pro se.

Arter & Hadden LLP, Victoria L. Vance and Thomas W. Baker, for appellees.

WAITE, Judge.

Appellee, Dr. Joseph DiDomenico, is a chiropractor and partner in the Ohio Sports and Spine Institute, Ltd., which provided medical and chiropractic consulting, among other things. Appellee was hired as an independent contractor to review appellant Charles Theisler's Bureau of Workers' Compensation ("BWC") claim for temporary total disability ("TT"). Appellant filed a complaint alleging that appellee intentionally, willfully, and recklessly misrepresented appellant's medical history to the BWC. This timely appeal arises from a judgment entry of the Mahoning County Court of Common Pleas granting summary judgment in favor of appellee. For the following reasons we affirm the decision of the trial court.

Appellant filed a request with the BWC for TT for the time period spanning April 4, 1997 to April 13, 1997. In June 1997, appellee, in his capacity as an independent contractor for the BWC, reviewed appellant's file and prepared a two-page report of his findings. He never met, spoke with, treated, or examined

appellant in connection with the BWC claim. Appellee's report concluded that appellant's claim for a new period of TT was not substantiated.

The BWC referred appellant's claim to the Industrial Commission of Ohio ("commission") for further consideration. On July 2, 1997, the district hearing officer denied appellant's request for TT. Appellant further appealed his claim and was given another hearing on September 9, 1997. The commission affirmed its prior ruling denying appellant's claim. A further appeal was denied by the commission.

On January 22, 1997, appellant filed a complaint against appellee and against Ohio Sports and Spine Institute, Ltd., in the Mahoning County Court of Common Pleas alleging (1) intentional, willful, and reckless misrepresentation of appellant's medical history and health status to the BWC, (2) fraud, (3) willful misrepresentation of current medical literature, and (4) concealment and misrepresentation of appellee's knowledge of medical issues relating to appellant's injuries.

On March 24, 1999, appellee DiDomenico filed a motion for summary judgment arguing that he was protected from civil liability under the doctrine of witness immunity in *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 453 N.E.2d 693 at the syllabus. Appellee attached affidavits and other exhibits to his motion describing in detail the history of appellant's BWC claim and denying that any fraud, misrepresentation, or concealment had taken place. On April 12, 1999, appellant filed his memorandum in opposition to summary judgment.

On June 22, 1999, the trial court granted appellee's motion for summary judgment. The court found that appellant had failed to produce any evidence cognizable under Civ.R. 56 that could support a jury verdict. The court also denied appellant a continuance under Civ.R. 56(F), although there is no motion for continuance in the record.

Appellant filed a motion for reconsideration in the trial court on July 12, 1999. Appellant filed this timely appeal on July 19, 1999.

■ Appellant has failed to set forth any specific assignments of error relative to the decision below as required pursuant to App.R. 16(A)(3). Essentially, appellant argues that (1) the trial court impermissibly denied a motion for continuance and (2) genuine issues of material fact remain in dispute. In the interest of justice, we will attempt to address the merits of appellant's argument despite his failure to follow App.R. 16.

■ Although no motion for continuance under Civ.R. 56(F) appears in the record, we will assume that such a motion was made by appellant. Civ.R. 56(F) states:

"(F) When affidavits unavailable

"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

Absent an abuse of discretion, a trial court's denial of a motion for continuance under Civ.R. 56(F) cannot be reversed on appeal. *Carlton v. Davisson* (1995), 104 Ohio App.3d 636, 648, 662 N.E.2d 1112, 1119–1120. An abuse of discretion connotes an attitude that is unconscionable, arbitrary, or unreasonable on the part of the trial court. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. The burden is on the party seeking to defer the court's action on a motion for summary judgment to demonstrate that a continuance is warranted. *Glimcher v. Reinhorn* (1991), 68 Ohio App.3d 131, 138, 587 N.E.2d 462, 467. A party seeking a Civ.R. 56(F) continuance must support the motion by affidavits, and if such affidavits are not presented the court is free to rule on the motion for summary judgment. *Transamerica Fin. Serv. v. Stiver* (1989), 61 Ohio App.3d 49, 52, 572 N.E.2d 149, 151.

There is nothing in the record to show that appellant supported his apparently verbal motion for continuance with affidavits or any other evidence. It was not an abuse of discretion to deny the Civ.R. 56(F) motion where there was no evidence presented to support it.

Turning our attention to the motion for summary judgment itself, an appellate court reviews the motion *de novo*, using the same standards as the trial court as set forth in Civ.R. 56(C). *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158. Before summary judgment can be granted the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 275–276. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id.* at 293, 662 N.E.2d at 273–274.

Appellee, Dr. DiDomenico, supported his motion for summary judgment with his own affidavit, which asserted that (1) he reviewed appellant's workers' compensation file in his capacity as an independent contractor for the BWC, (2) that he never spoke with, treated, or examined appellant in connection with the review of the file, (3) that it was his opinion that appellant's claim for TT was not substantiated, and (4) that he never misrepresented or concealed anything about appellant's condition. Appellee also attached a copy of the two-page report that was sent to the BWC, as well as other affidavits and supporting documents.

 Appellee argues that an independent physician reviewing a workers' compensation claimant's file, at the request of the Industrial Commission, is absolutely immune from civil liability arising from the report which the physician delivers to the BWC, citing *Willitzer v. McCloud,* 6 Ohio St.3d at 447, 6 OBR at 489, 453 N.E.2d at 693. We agree.

The *Willitzer* court held that although an independent physician, appointed by the Industrial Commission, was not immune from civil liability for direct medical examinations performed on workers' compensation claimants, there was immunity for the medical reports and testimony of the physician under the doctrine of witness immunity. *Id.* at syllabus. The court reasoned:

"[T]his immunity is based on the policy of protecting the integrity of the judicial process. The function of a judicial proceeding is to ascertain the truth. To achieve this noble goal, participants in judicial proceedings should be afforded every opportunity to make a full disclosure of all pertinent information within their knowledge. For a witness, this means he must be permitted to testify without fear of consequences. Freedom of speech in a judicial proceeding is essential to the ends of justice." (Citations omitted.) *Id.* at 449, 6 OBR at 490–491, 453 N.E.2d at 695.

 Appellant's complaint solely relates to the report that appellee sent to the BWC. Appellant presented absolutely no evidence that appellee directly examined him physically during the course of appellee's review of the pending workers' compensation claim. In fact, appellant presented no evidence in rebuttal of any kind. Therefore, as it appears that all parties agree that appellee's sole function consisted of reviewing and reporting on appellant's file, appellee's report is protected under the doctrine of witness-immunity as set forth in *Willitzer.* It should be further noted that the witness immunity doctrine is broad enough to protect false testimony made during the course of or relevant to judicial proceedings. *Elling v. Graves* (1994), 94 Ohio App.3d 382, 387, 640 N.E.2d 1156, 1159. "This ban on civil liability for false statements applies even in cases where the party testifying knew his statements were false." *Id.* Appellant's allegations

that appellee's report was recklessly or intentionally false have no bearing on whether the report is covered by the witness-immunity doctrine.

For the foregoing reasons, we must affirm the judgment of trial court granting appellee, Dr. DiDomenico, summary judgment.

*Judgment affirmed.*

GENE DONOFRIO, J., concurs.

COX, P.J., concurs in judgment only.