BEEGLE et al., Appellants,

v.

AMIN et al., Appellees.

[Cite as *Beegle v. Amin,* 156 Ohio App.3d 533, 2004-Ohio-1579.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 03 JE 31.

Decided March 26, 2004.

534

Donald Tennant Jr., for appellants.

Paul Michael LaFayette, for appellees.

VUKOVICH, Judge.

{¶ 1} Plaintiffs-appellants Vernon F. Beegle and Mary Beegle appeal from the judgment entered by the Jefferson County Common Pleas Court in their medical-negligence cause of action against defendants-appellees Kumar B. Amin and Steubenville Orthopedics and Sports Medicine, Inc. The issue presented for our review is whether the refusal of the trial court to grant appellants additional time

to obtain an expert's opinion on liability prior to a summary judgment hearing constituted an abuse of discretion. Under the facts and circumstances of this case, we must answer that question in the negative. Accordingly, the trial court's grant of summary judgment to appellees is affirmed for the reasons hereinafter set forth.

## STATEMENT OF THE CASE

{¶ 2} Appellants filed the complaint sounding in medical negligence on November 26, 2001. Appellees answer was filed on March 25, 2002, and a preliminary pretrial and scheduling conference was held on May 17, 2002. At that conference, the court set a trial date for March 24, 2003. Discovery deadlines were also set at that conference, which included an order that appellants were to disclose their experts and experts' reports no later than 120 days prior to trial. Appellees were ordered to disclose their experts and experts' reports no later than 75 days prior to trial.

{¶ 3} On December 2, 2002, appellees disclosed their expert witnesses along with the experts' reports. Thereafter, appellees filed a motion for summary judgment. The summary judgment hearing was originally set for December 23, 2002, but was later rescheduled for January 13, 2003. On January 10, 2003, appellants filed a motion to vacate the scheduling order and to delay the disposition of the summary judgment motion. The motion was based upon appellants' counsel's workload and the fact that the depositions of Dr. Amin and Dr. Conti (the subsequent treating physician) were not yet taken. The court granted the motion and reset the trial for September 16, 2003. The prior scheduling order was to remain in affect and appellees' motion for summary judgment was held in abeyance.

{¶ 4} On May 20, 2003, appellants disclosed their expert, Dr. George B. Holmes, but failed to file Dr. Holmes's report because Dr. Conti's deposition was still not yet taken and Dr. Holmes had not reviewed all of the material. On June 23, 2003, appellees asked the court to consider the pending summary judgment motion and filed a motion in limine to exclude appellants' expert witness. Appellants then filed a notice of deposition of Dr. Conti. In response to that notice, on July 21, 2003, appellees moved for a protective order asking the court to prevent appellants from taking Dr. Conti's deposition. The trial court denied the request and set the summary judgment hearing for August 4, 2003.

{¶ 5} Prior to the summary judgment hearing, on July 28, 2003, appellants moved for a continuance of the hearing because their expert had not yet received the deposition of Dr. Conti, which was taken on July 25, 2003. As such, their expert (Dr. Holmes) needed additional time to review the deposition and issue his own opinion in the form of an affidavit to dispute the motion for summary

judgment. Appellants asked that the hearing be rescheduled for August 18, 2003. The trial court rescheduled the hearing for August 18, 2003, and ordered the affidavit to be filed by August 8, 2003. An affidavit was not filed. On August 18, 2003, appellants once again asked for a continuance as their expert still had not had time to review the deposition. Dr. Holmes had been on vacation until August 5, 2003, and once returning, his schedule and workload had prevented him from having the opportunity to review the material. On August 21, 2003, the trial court overruled the request for a continuance, and the trial court granted summary judgment for appellees. Appellants timely appealed raising one assignment of error.

## ASSIGNMENT OF ERROR

{¶ 6} "The trial court incorrectly denied plaintiffs' O.R.C.P. 56(F) motion for continuance of summary judgment hearing to allow plaintiffs an additional eleven (11) days to retrieve an expert's report on liability to oppose defendants' motion for summary judgment."

{¶ 7} "Absent an abuse of discretion, a trial court's denial of a motion for continuance under Civ.R. 56(F) cannot be reversed on appeal." *Theisler v. DiDomenico* (2000), 140 Ohio App.3d 379, 747 N.E.2d 859, citing *Carlton v. Davisson* (1995), 104 Ohio App.3d 636, 648, 662 N.E.2d 1112. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} Appellants' argument on appeal fails for two reasons. First, procedurally, their Civ.R. 56(F) motion for continuance is defective. In *Theisler*, we stated that it is the burden of the party seeking a Civ.R. 56(F) motion to continue to support the motion with affidavits, and if such affidavits are not presented, the court is free to rule on the motion for summary judgment. *Theisler*, 140 Ohio App.3d at 383, 747 N.E.2d 859, citing *Transamerica Fin. Serv. v. Stiver* (1989), 61 Ohio App.3d 49, 52, 572 N.E.2d 149. Here, the August 18, 2003 Civ.R. 56(F) motion for continuance of the summary judgment hearing was not supported by an affidavit. As such, "[i]t was not an abuse of discretion to deny the Civ.R. 56(F) motion where there was no evidence presented to support it." *Theisler*, 140 Ohio App.3d at 383, 747 N.E.2d 859.

{¶ 9} Second, even if we overlook the lack of an affidavit and hold that the reasons provided in the motion provide some evidence as to why the motion should be granted, we cannot conclude that the trial court abused its discretion in overruling the motion. The August 18, 2003 motion for continuance was not the

first continuance requested by appellants. Appellants made two previous requests on January 10, 2003, and on July 28, 2003.

{¶ 10} The January 10, 2003 request was made shortly after appellees' summary judgment motion was filed. Appellants' reason for this request was based partially upon the fact that the deposition of Dr. Conti had not yet been taken. The granting of the motion and resetting the trial date for mid-September 2003 gave appellants an additional five months (i.e., to May 20, 2003) to depose Dr. Conti, identify their expert, and submit their expert's report. However, appellants did not submit their expert's report on that day because they still had not deposed Dr. Conti, which was necessary for their expert to make a report.

{¶ 11} The July 28, 2003 continuance request was made because Dr. Conti had not been deposed until two days prior to that date. Thus, appellants' expert had no chance to review that deposition and issue his report and affidavit to support the motion in opposition to appellants' motion for summary judgment. The trial court granted the continuance until August 18, 2003, but required the affidavit to be filed by August 8, 2003. However, no affidavit was ever filed; instead, another continuance was requested.

{¶ 12} These requests were made for the specific purpose of deposing Dr. Conti[1] and allowing their expert to review the deposition. The continuances allowed appellants an additional eight months to depose Dr. Conti and have their expert review that deposition. However, it was not until approximately two weeks before the summary judgment hearing, and approximately two months after the discovery deadlines had expired, that appellants even deposed Dr. Conti. Consequently, we are unable to conclude that the trial court abused its discretion in denying a third request for a continuance when that court provided appellants with ample time to obtain the information appellants knew they needed when they made the first request for a continuance in January 2003.

{¶ 13} This is especially true given that appellants were aware of the arguments being made against them on summary judgment. Appellees' motion for summary judgment was filed in December 2002, but in early January, it was held in abeyance. The motion was renewed in mid-June 2003. As a result, appellants knew the *exact* arguments that were being made against them on summary judgment throughout the continuance period. In fact, the continuances gave them an additional eight months to find an expert, depose Dr. Conti, and to refute appellees' arguments. Furthermore, the case had been pending in the trial court for approximately 22 months (i.e., since November 26, 2001) prior to

---

1. Dr. Conti is a Pennsylvania doctor and, thus, he is outside the jurisdiction of the subpoena power. For this reason, appellants were having difficulty deposing him.

the filing of the August 18, 2003 motion for continuance.[2] Moreover, appellants had more than the aforementioned eight months to obtain the services of an expert, since they knew or should have known that the opinion of an expert was necessary to prove the allegation of medical malpractice set forth in their complaint. Accordingly, given the length of time the case had been pending, the two previous continuances and the reasons for them, and the fact that appellants knew the arguments being made against them on summary judgment, the trial court was not acting unreasonably when it denied the August 18, 2003 motion to continue. See *Fair v. Litel Communication, Inc.* (Mar. 12, 1998), 10th Dist. No. 97APE06-804, 1998 WL 107350 (stating that plaintiff had almost two years in which to conduct her discovery prior to the motion for summary judgment).

{¶ 14} Appellants maintain that the August 18, 2003 motion to continue requested only an additional 11 days. They argue that 11 days would not have affected the trial date and, as such, it would have caused no delay. However, the record does not support this allegation. In the August 18, 2003 motion, appellants state that a continuance is requested for a reasonable period of time. The motion also states that appellants could not obtain from their expert "a date certain when the review of the materials could be completed." Appellants maintain that at oral argument on the motion to continue they confirmed that their expert could have a report finalized by August 29, 2003. However, no transcript of the hearing was filed with this court. As this information is outside our record of review, we cannot consider it in determining whether the trial court abused its discretion. *State v. Kelley* (1991), 57 Ohio St.3d 127, 130, 566 N.E.2d 658; *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus.

{¶ 15} However, even if the record did disclose that the motion for continuance requested only another 11 days, this would not render the trial court's denial of the motion an abuse of discretion. As aforementioned, the trial court previously accommodated appellants several times. As such, the trial court was not acting unreasonably in denying the third request for a continuance. Thus, given all the above, we cannot hold that the trial court abused its discretion in denying the motion to continue.

{¶ 16} As a final note, we will address appellees' argument that appellants' brief fails to comply with the appellate rules. Appellees specifically argue that appellants failed to comply with App.R. 12(A)(1)(b), which states:

---

2. According to appellees, the case had been in court for nearly five years. The case was first filed on December 24, 1998, and then voluntarily dismissed on November 28, 2000. The identical claim was then refiled on November 26, 2001.

{¶ 17} "On an undismissed appeal from a trial court, a court of appeals shall do all of the following * * * (b) Determine the appeal on its merits on the assignments of error set forth in the briefs."

{¶ 18} Appellees argue that appellants' assignment of error fails to state the proper standard of review. The assignment of error states that the trial court "incorrectly" denied the motion to continue, not that it "abused its discretion." Regardless, appellants' argument clearly and correctly identifies our standard of review as an abuse of discretion. As such, any misstatement appellants made by stating in the assignment of error that the trial court "incorrectly" denied the motion instead of stating that the trial court "abused its discretion" is inconsequential. Thus, despite appellees' insistence, the assignment of error is reviewable.

{¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., concurs.

DEGENARO, J., concurs in part and dissents in part.

DEGENARO, Judge, concurring in part and dissenting in part.

{¶ 20} I agree with the majority's ultimate conclusion in this appeal. But I must dissent from a portion of its opinion because I feel it is advisory.

{¶ 21} In *State ex rel. Coulverson v. Ohio Adult Parole Auth.* (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352, the Ohio Supreme Court stated that a court may not act under Civ.R. 56(F) if the party requesting the continuance does not submit a valid affidavit for the court to consider under that rule. As the majority concludes, appellants did not file a valid affidavit, so the trial court could not grant the continuance. Any discussion of what would have happened if we could overlook the lack of a valid affidavit is moot. And it is well settled that a court which addresses a moot issue is indulging in issuing an advisory opinion. *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18.

{¶ 22} Accordingly, I must dissent from ¶ 9 through 15 of the majority opinion.