OPINION
{¶ 1} Appellant, Micki Shingara, a.k.a. Micki Ruth Rosacco, a.k.a. Madaline Jennie Rosacco Shingara ("Shingara"), appeals the judgment entered by the Geauga County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). *Page 2 
 {¶ 2} In September 2005, Shingara executed a mortgage loan against her real property. The holder of the mortgage note was Wells Fargo. The principle of the loan was approximately $136,000. Shingara did not make any monthly payments on the mortgage.
 {¶ 3} On April 20, 2006, Wells Fargo filed a complaint in foreclosure against Shingara. After being granted leave to plead, Shingara filed her answer on October 5, 2006. Shingara admitted that Wells Fargo held a valid mortgage interest against her property as a result of the mortgage loan from September 2005. However, she disputed the amount of the loan. In particular, she claimed $58,185 of the loan amount was issued in various checks to her creditors, but these checks were never cashed and the funds remained on deposit with the escrow agency.
 {¶ 4} On November 27, 2006, Wells Fargo filed a motion for summary judgment. Pursuant to Loc.R. 7(D) of the Court of Common Pleas of Geauga County, General Division, Shingara's brief in opposition was due within 30 days of service. On December 20, 2006, Shingara filed a motion for extension of time to respond to Wells Fargo's motion for summary judgment. On January 27, 2006, Shingara filed a second motion for extension of time to respond to Wells Fargo's motion for summary judgment. Collectively, in these motions, Shingara sought additional time to respond because of the following reasons: (1) she had been diagnosed with Alzheimer's disease, (2) approximately $58,000 of the loan amount was never distributed, (3) she was still negotiating with Wells Fargo regarding a possible settlement, and (4) she was seeking a copy of her medical diagnosis. The trial court did not rule on either of these motions. *Page 3 
 {¶ 5} Shingara did not respond to Wells Fargo's motion for summary judgment. On February 9, 2007, the trial court entered summary judgment in favor of Wells Fargo.
 {¶ 6} Shingara raises two assignments of error. Her first assignment of error is:
 {¶ 7} "The Trial Court erred in not granting Defendant-Appellant additional time to respond to the Motion for Summary Judgment."
 {¶ 8} Although Shingara did not label her motions as such, her motions were filed pursuant to Civ.R. 56(F), which provides:
 {¶ 9} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 10} A trial court's decision on a motion for a continuance pursuant to Civ.R. 56(F) lies within the discretion of the court.Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, 409. See, also,Evans v. Mazda Motors of Am., Inc., 4th Dist. No. 06CA3118,2007-Ohio-4622, at ¶ 7. "The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.)Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In the instant matter, the trial court did not rule on Shingara's motions for extension of time. The trial court's failure to rule on these Civ.R. 56(F) motions had the effect of denying the requests for a continuance. Drake Constr. Co. v. Kemper House *Page 4 Mentor, Inc., 170 Ohio App.3d 19, 2007-Ohio-120, at ¶ 32; King v.Zell (Dec. 31, 1998), 11th Dist. No. 97-T-0186, 1998 Ohio App. LEXIS 6364, at *11.
 {¶ 12} "A party seeking a Civ.R. 56(F) continuance must support the motion by affidavits, and if such affidavits are not presented the court is free to rule on the motion for summary judgment." Theisler v.DiDomenico (2000), 140 Ohio App.3d 379, 383, citing Transamerica Fin.Serv. v. Stiver (1989), 61 Ohio App.3d 49, 52. See, also, Beegle v.Amin, 156 Ohio App.3d 533, 2004-Ohio-1579, at ¶ 8.
 {¶ 13} In this matter, Shingara did not support her motions for extension of time with affidavits. We acknowledge that Shingara alleged she suffered from Alzheimer's disease. If true, she may not have been able to personally submit an affidavit to the court in support of her motion. However, an affidavit from someone with knowledge of her condition, such as a friend or family member, may have been sufficient to support her position that additional time was needed to obtain the requisite medical evidence. However, since her Civ.R. 56(F) motions were not supported with any affidavits, the trial court did not abuse its discretion by failing to grant Shingara's motions for extension of time. See Theisler v. DiDomenico, 140 Ohio App.3d at 383.
 {¶ 14} Shingara cites the Tenth Appellate District's decision inCountrywide Home Loans Servicing, L.P. v. Stultz, 161 Ohio App.3d 829,2005-Ohio-3282, in support of her position. In that case, the Tenth District held the trial court abused its discretion by failing to grant a Civ.R. 56(F) continuance and entering summary judgment. Id. at ¶ 17. However, the case sub judice is distinguishable from Countrywide HomeLoans Servicing, L.P. v. Stultz. First, the length of time between the filing of the motion for summary judgment and the trial court granting it was only 26 days in Countrywide Home *Page 5 Loans Servicing, L.P. v. Stultz, while it was 74 days in the case sub judice. Moreover, the Civ.R. 56(F) motion for a continuance was supported by an affidavit from counsel in Countrywide Home LoansServicing, L.P. v. Stultz. Id. at ¶ 8.
 {¶ 15} In addition, we note there is nothing in the record to indicate Shingara complied with the requisites of Civ.R. 25. The main thrust of Shingara's argument is that since questions of competency and lack of capacity were raised in the pleadings, a question of fact was created that would defeat the granting of a motion for summary judgment. However, if indeed Shingara was incompetent, the obligation is upon counsel to file a suggestion of this fact under Civ.R. 25(E), which provides:
 {¶ 16} "(E) Suggestion of death or incompetency:
 {¶ 17} "Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5." (See, also, Civ.R. 25(B) as it relates to the procedure to be followed in the event of incompetency.)
 {¶ 18} The record contains no affidavit or other evidentiary material in support of Shingara's contention that she lacks capacity in any way. If Shingara was incompetent, counsel never properly put this issue before the trial court. The trial court cannot be blamed for Shingara's failure to supply a Civ.R. 56(F) affidavit or to comply with Civ.R. 25.
 {¶ 19} The trial court did not abuse its discretion by denying Shingara's Civ.R. 56(F) motions. *Page 6 
 {¶ 20} Shingara's first assignment of error is without merit.
 {¶ 21} Shingara's second assignment of error is:
 {¶ 22} "The Trial Court erred in granting Summary Judgment to Plaintiff [-appellee] when it had not shown that all the money had in fact been disbursed on the behalf [of] the Defendant, and Defendant had raised in pleadings the defense of incapacity."
 {¶ 23} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 24} In Dresher v. Burt, the Supreme Court of Ohio set forth a burden-shifting exercise to occur in a summary judgment determination. Initially, the moving party must point to evidentiary materials to show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d at 293. If the moving party meets this burden, a reciprocal burden is placed on the nonmoving party to show that there is a genuine issue of fact for trial. Id.
 {¶ 25} "The elements of a contract include the following: an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration." Lake Land *Page 7 Emp. Group of Akron, LLC v. Columber, 101 Ohio St.3d 242,2004-Ohio-786, at ¶ 14, citing Kostelnik v. Helper, 96 Ohio St.3d 1,2002-Ohio-2985, at ¶ 16.
 {¶ 26} Wells Fargo attached an affidavit from Sean Nix to its motion for summary judgment. Nix is a Vice President of Loan Documentation at Wells Fargo. In his affidavit, Nix states that Shingara was in default on the mortgage and that the outstanding principle on the mortgage was $136,393.80. He also stated that an attached copy was an accurate copy of the mortgage agreement.
 {¶ 27} In her answer to the complaint, Shingara admitted that Wells Fargo is the holder of the mortgage agreement. An admission in an answer satisfies the plaintiffs burden of proof on that issue. (Citation omitted.) See, e.g., Kraus v. Hanna, 11th Dist. No. 2002-P-0093,2004-Ohio-3928, at ¶ 48.
 {¶ 28} Thus, in light of Shingara's answer and Nix's affidavit, there was no genuine issue of material fact as to whether there was a valid mortgage against the property.
 {¶ 29} Shingara objects to the trial court's entry of summary judgment on the basis that there was a dispute as to whether $58,000 of the loan proceeds were ever distributed. We note that Shingara raised this issue in her answer. However, for purposes of a summary judgment exercise, a nonmoving party "may not rest on the mere allegations or denials of [her] pleadings." Civ.R. 56(E). Further, while Shingara raised this issue in her motions for extension of time, she did not offer any evidentiary materials set forth in Civ.R. 56(C), such as an affidavit or deposition, to support her assertion. Thus, the only evidence before the trial court regarding the amount owed on the mortgage was provided in Nix's affidavit. Accordingly, there was no genuine issue *Page 8 
of material fact regarding the amount due on the mortgage. At best, Shingara appears to have essentially admitted the funds were paid by appellee into escrow, and the escrow company may owe money or an accounting to Shingara with regard to any purported error in distribution. However, the escrow company is not a party to this case.
 {¶ 30} Shingara asserts that there was a genuine issue of material fact as to whether she had the contractual capacity to enter into a valid contract. Again, while Shingara generally raised this issue in her motions for extension of time, she did not offer any appropriate evidentiary material to support her assertion.
 {¶ 31} There were no genuine issues of material fact in this matter, and Wells Fargo was entitled to judgment as a matter of law. As such, the trial court did not err in entering summary judgment in favor of Wells Fargo.
 {¶ 32} Shingara's second assignment of error is without merit.
 {¶ 33} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., concurs,
MARY JANE TRAPP, J., dissents with Dissenting Opinion.