[Cite as *Bank of Am., N.A. v. Moore*, 2013-Ohio-3370.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RANDY MOORE, ET AL. | : | Case No. 13CA1 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 12FR06-0319


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             August 1, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

BRADLEY P. TOMAN                      BRIAN K. DUNCAN
24755 Chagrin Blvd.                   155 East Broad Street
Suite 200                             Suite 2200
Cleveland, OH  44122                  Columbus, OH  43215

*Farmer, J.*

{¶1}    On June 20, 2012, appellee, Bank of America, N.A., filed a complaint in foreclosure against appellants, Randy and Cheryl Moore, for failure to pay on a note.

{¶2}    On September 19, 2012, appellee filed a motion for summary judgment. By judgment entry filed December 19, 2012, the trial court granted the motion and entered a judgment of foreclosure.

{¶3}    Appellants filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE THERE WERE ISSUES OF FACT AND PLAINTIFF WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."

II

{¶5}    "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BECAUSE DEFENDANTS WERE NEITHER AFFORDED A FULL AND FAIR OPPORTUNITY TO CONDUCT DISCOVERY ON ALL FACTUAL MATTERS IN DISPUTE NOR VERIFY THE MERIT OF PLAINTIFF'S COMPLAINT."

I

{¶6}    Appellants claim the trial court erred in granting summary judgment to appellee as appellee was not the "holder in due course" of the underlying note.  We disagree.

{¶7} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶8} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶9} R.C. 1303.32 governs holder in due course. Subsection (A) states the following:

(A) Subject to division (C) of this section and division (D) of section 1303.05 of the Revised Code, "holder in due course" means the holder of an instrument if both of the following apply:

(1) The instrument when issued or negotiated to the holder does not bear evidence of forgery or alteration that is so apparent, or is not otherwise so irregular or incomplete as to call into question its authenticity;

(2) The holder took the instrument under all of the following circumstances:

(a) For value;

(b) In good faith;

(c) Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series;

(d) Without notice that the instrument contains an unauthorized signature or has been altered;

(e) Without notice of any claim to the instrument as described in section 1303.36 of the Revised Code;

(f) Without notice that any party has a defense or claim in recoupment described in division (A) of section 1303.35 of the Revised Code.

{¶10} In their response to the motion for summary judgment, appellants argued there was a genuine issue of material fact as to whether appellee was the holder in due

course.   Appellants also argued other vague fact issues, but failed to assign them as error.   Attached to the complaint is a commitment to modify mortgage and modification agreement dated May 18 2010, wherein appellants admitted to default.   See, June 20, 2012 Complaint at Exhibit B.   No evidentiary quality material was submitted to dispute appellee's claims.

{¶11}   Appellee presented the affidavit of its officer, Denise Sipe, in support of its motion.   Ms. Sipe averred the following:

4. BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., FKA, COUNTRYWIDE HOME LOANS SERVICING, L.P. directly or through an agent, has possession of the promissory note.  The promissory note has been duly indorsed.  BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., FKA, COUNTRYWIDE HOME LOANS SERVICING, L.P. is the assignee of the security instrument for the referenced loan.

{¶12} Attached to the complaint is an assignment of mortgage which demonstrates the mortgage was assigned to appellee three years prior to the filing of the complaint.  See, June 20, 2012 Complaint at Exhibit C.  We find the requirements of *Federal Home Loan Mortgage Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, have been met.

{¶13}   Upon review, we find the trial court did not err in finding no genuine issue of material fact on whether appellee was the holder in due course of the note.

{¶14} Assignment of Error I is denied.

II

{¶15} Appellants claims the trial court erred in denying their Civ.R.56(F) motion as they should have been afforded additional time for discovery to address the issues raised in the motion. We disagree.

{¶16} Civ.R. 56(F) states the following:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶17} The decision of whether to grant or deny a Civ.R. 56(F) continuance is within the sound discretion of the trial court. *Beegle v. Amin,* 156 Ohio App.3d 533, 2004-Ohio-1579 (7th Dist.). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶18} Appellee filed the complaint on June 20, 2012. Appellants answered and counterclaimed on July 19, 2012, and requested foreclosure mediation. The trial court denied mediation on August 6, 2012. On September 19, 2012, appellee filed its motion

for summary judgment.  Appellants filed their Civ.R. 56(F) motion on October 3, 2012, and memorandum contra to the summary judgment motion on October 19, 2012.

{¶19} In their answer to the complaint, appellants raised numerous defenses including the Federal Truth and Lending Act, the Real Estate Settlement Practices Act, the Fair Debt Collection Act, and the Ohio Consumer Sales Practices Act.  They challenged real party in interest, the jurisdiction of the trial court and venue, and claimed they were entitled to recoupment or a set off and some rescission.

{¶20} We find no Civ.R. 56(F) affidavit was submitted to substantiate the reason for the continuance.  *State, ex rel. Coulverson v. Ohio Adult Parole Authority,* 62 Ohio St.3d 12 (1991) [without a valid affidavit, "the court of appeals could not act under Civ.R. 56(F)"].

{¶21} Upon review, we find the trial court did not abuse its discretion in denying the Civ.R. 56(F) motion.

{¶22} Assignment of Error II is denied.

{¶23} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. W. Scott Gwin

_____
Hon. Craig B. Baldwin

SGF/sg 717

[Cite as *Bank of Am., N.A. v. Moore*, 2013-Ohio-3370.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| RANDY MOORE, ET AL. | : | |
| Defendants-Appellants | : | CASE NO. 13CA1 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed. Costs to appellants.

_____
Hon. Sheila G. Farmer

_____
Hon. W. Scott Gwin

_____
Hon. Craig B. Baldwin