[Cite as *Moreland v. E. Warther & Sons, Inc.*, 2016-Ohio-831.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROL ANN MORELAND, et al. | JUDGES:<br>Hon. Sheila G. Farmer, P. J.<br>Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| Plaintiffs-Appellants | |
| -vs- | Case No. 2015 AP 07 0036 |
| E. WARTHER & SONS, INC., et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
                            Pleas, Case No.  2014 CV 09 0563

JUDGMENT:                   Reversed and Remanded

DATE OF JUDGMENT ENTRY:     March 2, 2016

APPEARANCES:

For Plaintiffs-Appellants            For Defendants-Appellees

JAMES J. COLLUM                      SUSAN C. RODGERS
MICHAEL A. THOMPSON                  JUSTIN S. GREENFELDER
CRESCENT POINTE BUILDING             NEIL BHAGAT
4774 Munson Street N.W.              BUCKINGHAM, DOOLITTLE &
Suite 400                            BURROUGHS, LLC
Canton, Ohio  44718-3634             4518 Fulton Drive, NW, Suite 200
                                     Canton, Ohio  44735

*Wise, J.*

{¶1}  Plaintiffs-Appellants, Carol Moreland and Joanne Warther, appeal the decision of the Tuscarawas County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees Mark Warther, David Warther II, and Lisa Warther White in an action for breach of fiduciary duty and civil conspiracy. The relevant facts leading to this appeal are as follows:

{¶2}  E. Warther & Sons, Inc. engages in business in Dover, Ohio, as a cutlery company and operator of a gift shop. Appellants Carol Moreland and Joanne Warther, at the times pertinent to this case, were shareholders in E. Warther & Sons, Inc., owning, respectively, nine (9) and eleven (11) shares of the forty-nine (49) outstanding shares of the company. The three-person board of directors of the company during the times in question consisted of Steven Cunningham (President), Bryan Carlisle (Vice-President) and Appellant Carol Moreland.[1]

{¶3}  According to the allegations, Appellant Joanne, who is now in her eighties, has been a shareholder in the company since the 1950s and started as an employee in 1955, while  Appellant Carol began working at the company on a part-time basis in 1973 and on a full-time basis in 1981. However, both individuals were terminated from employment in August 2014, following what they allege to be a series of demotions and restrictions of job duties.

---

[1]  Some of the persons connected to this dispute are related by blood or marriage. For example, Carol Moreland is the daughter of Joanne Warther. Steven Cunningham is the son-in-law of Appellee Mark Warther, who is the son of Joanne Warther and the brother of Carol Moreland.

**{¶4}** On September 18, 2014, Appellants Carol Moreland and Joanne Warther ("Carol" and "Joanne") filed an action in the Tuscarawas County Court of Common Pleas against Appellees Mark Warther, David Warther II, Lisa Warther White and E. Warther & Sons, Inc., as well as five John Doe defendants, alleging breach of fiduciary duty against all defendants and civil conspiracy against the individual defendants. In essence, appellants asserted that they were terminated without a legitimate business purpose and that said termination was accomplished by Steven Cunningham and Bryan Carlisle under the direction of the individual appellees. Appellants also sought a temporary restraining order and/or preliminary injunction reinstating appellants to their employment with E. Warther & Sons, Inc.

**{¶5}** On October 21, 2014, E. Warther & Sons, Inc. (the corporate defendant) filed a motion to dismiss. This motion was granted by the trial court on November 14, 2014, and this ruling is apparently not an issue in the present appeal.

**{¶6}** On December 22, 2014, appellants withdrew their motion for a preliminary injunction.

**{¶7}** On February 27, 2015, appellees filed a motion for summary judgment, and on March 26, 2015, the trial court ordered appellants to respond to said motion for summary judgment on or before April 3, 2015.

**{¶8}** On April 3, 2015, appellants filed a request for a continuance under Civ.R. 56(F), seeking a hearing on appellees' motion for summary judgment and more time to conduct discovery in the case.

**{¶9}** On May 1, 2015, the trial court overruled appellants' Civ.R. 56(F) motion, thus denying appellants more time to conduct discovery and further ordering appellants

to respond to the summary judgment motion on or before May 20, 2015. The court also ordered an oral hearing on the motion for summary judgment. Said hearing took place on June 8, 2015.

{¶10} On July 1, 2015, the trial court issued a twelve-page decision granting summary judgment in favor of appellees. The case was thereby dismissed, with prejudice.

{¶11} Appellants filed a notice of appeal on July 16, 2015. They herein raise the following two Assignments of Error:

{¶12} "I.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING PLAINTIFFS/APPELLANTS' CIV.R. 56(F) MOTION AND FAILING TO PERMIT PLAINTIFFS/APPELLANTS ADDITIONAL TIME FOR DISCOVERY RELEVANT TO THE MOTION FOR SUMMARY JUDGMENT FILED BY APPELLEES IN THE TRIAL COURT.

{¶13} "II.  THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES IN THAT THERE WERE GENUINE DISPUTES OF MATERIAL FACT INCLUDING, BUT NOT LIMITED TO, WHETHER THE APPELLEES BREACHED THEIR FIDUCIARY DUTY TO THE PLAINTIFFS/APPELLANTS, AND IN ADDITION AND AS A RESULT, ENGAGED IN A CIVIL CONSPIRACY, AND THUS, COULD BE FOUND LIABLE BY A JURY."

I.

{¶14} In their First Assignment of Error, appellants contend the trial court abused its discretion in denying their motion under Civ.R. 56(F), thus denying them additional time for discovery regarding summary judgment. We agree.

**{¶15}** Civ.R. 56(F) states as follows: "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

**{¶16}** As a general rule, a trial court has the inherent authority to manage its own proceedings and control its own docket. *See Love Properties, Inc. v. Kyles*, 5th Dist. Stark App.No. 2006CA00101, 2007–Ohio–1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney*, 7th Dist. Mahoning No. 03 MA 139, 2003–Ohio–7010, ¶ 5. However, pursuant to Civ.R. 56(F), *supra*, a party opposing summary judgment may seek a continuance to pursue further discovery in order to develop its opposition to the motion. *Polaris Ventures IV, Ltd. v. Silverman*, 5th Dist. Delaware No. 2005 CAE 11 0080, 2006-Ohio-4138, ¶ 14, citing *Vilardo v. Sheets,* Twelfth Dist. Clermont No. CA2005-09-091, 2005-Ohio-3473, ¶ 29. The decision of whether to grant or deny a Civ.R. 56(F) continuance is within the sound discretion of the trial court. *Bank of America, N.A. v. Moore*, 5th Dist. Knox No. 13CA1, 2013-Ohio-3370, ¶ 17. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

**{¶17}** Civ.R. 56(F) requires a party opposing summary judgment to submit affidavits with sufficient reasons stating why he or she cannot present by affidavit facts sufficient to justify its opposition. *Van Wert v. Akron Metro. Regional Transit Authority,* 5th Dist. Stark No. 2014CA00201, 2015-Ohio-3243, ¶ 22. Thus, "[t]here must be a factual basis stated and the reasons given why [the party seeking deferral under Civ.R. 56(F)]

cannot present facts essential to its opposition of the motion." *McCord v. Ron Laymon Trucking Co.,* 5th Dist. Knox No. 04CA000033, 2005–Ohio–4399, ¶ 15 (additional citations omitted).

**{¶18}** In their Civ.R. 56(F) motion in the case *sub judice*, appellants alleged three main categories of information needed in order to generate their rebuttal evidence: (1) An identifiable number of depositions listed by the individual to be deposed, (2) electronic discovery (which included cellular phone records and electronic mail to and from the individual defendants), and (3) subpoenaed electronic discovery (which included cellular phone records and electronic mail to and from Steven Cunningham and Bryan Carlisle). Appellants also attached individual affidavits to their Civ. R. 56(F) motion setting forth the allegations that appellants sought to prove in the action. For example, Appellant Carol Moreland's affidavit states in part as follows:

9. "I believe that Steven Cunningham and Bryan Carlisle, President and Vice President of E. Warther & Sons, Inc., respectively, act solely on behalf of the individual Defendants to this case and not on behalf of E. Warther & Sons, Inc., which has led to adverse action taken against me in reference to my former employment as well as my economic interest as a shareholder of E. Warther & Sons, Inc.

10. I believe acquiring electronic discovery from E. Warther & Sons, Inc. and the individual Defendants, as set forth in the Plaintiffs' Civ.R. 56(F) motion, will provide the information supporting allegations set forth in the Plaintiffs' Complaint.

11. I believe taking the depositions, acquiring the affidavits and obtaining discovery responses as set forth in the Plaintiffs' Civ.R. 56(F) motion, will provide the information supporting allegations set forth in the Plaintiffs' Complaint.

**{¶19}** An affidavit provided by Appellant Joanne Warther attached to the Civ.R. 56(F) motion provides virtually the same above information as Carol Moreland's affidavit.

**{¶20}** Appellants urge that at the time appellees sought summary judgment on February 27, 2015, approximately five months into the court case, only "extremely limited discovery" had taken place, and such discovery was relative only to the allegations set forth in the motion for preliminary injunction, which was set for hearing on January 20, 2015, but which was withdrawn prior to that date. Appellants also assert that prior to the aforesaid date of the summary judgment motion being filed, they never had an opportunity to fully resolve a discovery dispute regarding a subpoena served upon the corporate entity, E. Warther & Sons, Inc., nor did they have the opportunity to perform electronic discovery regarding electronic devices in the possession of the individual appellees, or Mr. Cunningham (president) and Mr. Carlisle (vice-president).

**{¶21}** Upon review, we are persuaded that appellants, via their Civ.R. 56(F) motion and affidavits, were reasonably seeking sufficiently tailored information needed to develop their case that Mr. Cunningham and Mr. Carlisle had acted under the direction of the individual appellees as part of a civil conspiracy and/or breach of fiduciary duty. In regard to appellants' corresponding contention that they were denied a reasonable opportunity to obtain discovery and respond to appellees' motion for summary judgment, we must first recognize that the Civil Rules allow parties to conduct discovery immediately

"after the commencement of the action." *Fifth Third Mtge. Co. v. Bell,* 12th Dist. Madison No. CA2013–02–003, 2013–Ohio–3678, ¶ 44, citing Civ.R. 33 and 34. However, it is most noteworthy in the case *sub judice* that the trial court's own discovery schedule, as set forth in its December 17, 2014 judgment entry, set a discovery cut-off of July 10, 2015, with a scheduled trial date of September 22, 2015. Given the nature of the litigation presented, we conclude the trial court's decision of May 1, 2015 refusing to accommodate appellants' Civ.R. 56(F) request under the circumstances was unreasonable and constituted an abuse of discretion.

{¶22} Accordingly, appellants' First Assignment of Error is sustained.

II.

{¶23} In their Second Assignment of Error, appellants contend the trial court's grant of summary judgment, issued subsequent to the court's decision to overrule appellants' Civ.R. 56(F) motion, constituted reversible error. Based on our previous conclusions herein, we agree.

{¶24} Civ.R. 56(C) provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion

for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor * * *."

{¶25} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶26} In response to the present assigned error, appellees focus much of their initial argument on the trial court's determination within the summary judgment ruling that E. Warther and Sons, Inc. is not a close corporation under Ohio Law. As such, appellees respond, there can be no finding that appellees owed appellants any type of heightened fiduciary duty. *See Weston v. Weston Paper and Mfg. Co.*, 2nd Dist. Montgomery No. 13815, 1994 WL 179940 (May 11, 1994). Appellees additionally respond that even if the company is a close corporation, there is no breach of fiduciary duty under the circumstances presented.  However, in light of our conclusions above, we find these issues to be presently premature.

{¶27} Appellants' Second Assignment of Error is sustained.

**{¶28}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Tuscarawas County, granting summary judgment is hereby reversed, and the matter is remanded for further proceedings, including the allowance of reasonable time for discovery pursuant to Civ.R. 56(F).

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0218